970 A.2d 1137

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Steven GRAVELY, Appellant.**

Supreme Court of Pennsylvania.

Submitted on Briefs Nov. 21, 2008.

Decided May 27, 2009.

---

Victor Edward Rauch, Ellen T. Greenlee, Karl Baker, Defender Ass'n of Philadelphia, for Steven Gravely, appellant.

Hugh J. Burns, Jr., Philadelphia Dist. Attorney's Office, for the Com. of Pennsylvania, appellee.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY and GREENSPAN, JJ.

## OPINION

Justice GREENSPAN.

This Court granted review to determine whether the Superior Court erred in concluding that Appellant failed to file a timely Pa.R.A.P. 1925(b) Statement despite the fact that he sought and was granted an extension by way of letters exchanged with the trial court. We vacate the Superior Court's order and remand the matter to that court for further proceedings.

Appellant was charged with rape and related offenses in connection with an assault on a Philadelphia street in August 2004. The victim, S.E., testified that her assailant was riding a bicycle and wearing a black outfit. He took her into an alley by a dumpster where he threatened her at gunpoint and forced her to engage in oral and vaginal intercourse. After the attack, S.E. went to her friend's house. The friend ultimately contacted police, who took the victim to the hospital. Medical personnel observed that the victim had suffered multiple abrasions to the genital area. A rape kit examination yielded DNA evidence that implicated Appellant.

Police interviewed Appellant, who described a number of sexual encounters he had with women on the street in the same neighborhood in which the rape had occurred, and during the same period. Appellant described each encounter and characterized all of them as consensual. He admitted that he wore a black outfit during some of the encounters, that he rode a bicycle, and that the telephone he was carrying could have been perceived as a gun. When asked about any other crimes he knew about in the neighborhood, Appellant told police that a friend of his had raped a woman in an alley. According to Appellant, the friend committed the attack at gunpoint and forced his victim to engage in oral and vaginal intercourse. Appellant explained that his friend told him

about the crimes because the two men "looked alike" and Appellant should be careful not to "get caught."

Ultimately, Appellant was charged with rape and other offenses in connection with the assault on S.E. Prior to trial, the court heard argument on a motion in limine regarding the admission of Appellant's statements to police.[1] The trial court held that the statements were admissible and the matter proceeded before a different judge for a bench trial. The victim testified to the events set out above and identified Appellant as her attacker. The Commonwealth presented DNA evidence linking Appellant to the attack. The trial judge, the Honorable Albert John Snite, Jr., found Appellant guilty of rape and sexual assault. The court imposed a prison term of 42 to 90 months. Appellant filed a timely notice of appeal to the Superior Court.

The docket reflects that on October 17, 2005, Judge Snite entered an order requiring Appellant to file a Statement of Matters pursuant to Pa.R.A.P.1925(b) ("Statement") by October 31, 2005. Appellant's counsel sent a letter to Judge Snite memorializing a conversation counsel had with the judge's law clerk regarding the filing of the Statement. That letter, which is dated October 21, 2005 and was entered on the docket on October 24, 2005, is part of the certified record. It states:

Dear Judge Snite,

I am writing to confirm my conversation with your law clerk, Elizabeth. Your Honor ordered Appellant to submit a statement of matters by October 31, 2005. The notes of testimony are not yet complete. Elizabeth advised me that it is acceptable to submit a statement of matters within fourteen days of the date the notes are completed.

I sent new transcript requests and left messages for the court reporters today.

If this is not acceptable to Your Honor, please advise me accordingly. I can be reached at _____.

---

1. It appears, although the record does not make it completely clear, that the motion in limine was one filed by the Commonwealth to admit the statements, rather than one filed by the defense to bar admission of the statements.

Thank you very much for your understanding and assistance in this matter.

Docket Entry D–7.

The letter includes the following handwritten note at the bottom of the page, dated October 24, 2005: "called atty. for copies of Order for Transcripts." On November 29, 2005, counsel wrote another letter to Judge Snite regarding the filing of the Statement and referencing a letter that counsel had received from the court.[2] Counsel's letter was docketed on December 5, 2005 and, like counsel's previous letter, was made part of the certified record. It states:

Dear Judge Snite,

I hope you enjoyed your holidays.

Today I received your letter dated November 22, 2005, indicating that the notes of testimony are complete and that I should file the 1925(b). I am still missing one set of notes from a motion in limine that occurred on June 1, 2005 before Judge Dembe in Courtroom 707. I have submitted two requests for the notes and have been in regular contact with the court reporter. He indicated that he would turn them in last week, and that they would be available to counsel shortly after that. I left another message with the court reporter today as to their status and will contact your chambers as soon as I receive word back from him.

If this is not acceptable to Your Honor, please advise me accordingly. I can be reached at _____.

Thank you very much for your understanding and assistance in this matter.

Docket Entry D–9.

The docket reflects that Appellant ultimately filed his Statement eleven days later, on December 16, 2005. Judge Snite's opinion, which is dated January 27, 2006, and was docketed on January 30, 2006, recounted the procedural history of the case as follows:

2. The docket does not reflect, nor does the certified record include, a letter from the court to counsel.

On October 17, 2005, I ordered Appellant to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) within fourteen days. By October 21, the notes of testimony had not been transcribed and on that date I advised the Defender Association to submit the 1925(b) statement within fourteen days of the receipt of the notes of testimony. On December 16, 2005, Appellant timely filed a Statement of Matters Complained of on Appeal.

Trial Court Opinion, 1/27/06, at 2. Thus, Judge Snite explicitly confirmed the substance of Appellant's docketed letters, to wit, that the trial court granted Appellant additional time in which to file his Statement. Judge Snite also explicitly found that, in light of the extension, Appellant's Statement was timely. The trial court went on to address the issues raised by Appellant in his Statement, which included a claim that the ruling on the motion in limine was erroneous. The trial court ultimately concluded that Appellant's statement to police was admissible and the ruling on the motion was proper.

In a published opinion the Superior Court noted that Appellant's sole issue on appeal was the propriety of the trial court's ruling on the motion in limine. However, the panel did not address the merits of that issue. Instead, it concluded that the issue was waived due to Appellant's failure to file a timely 1925(b) Statement.[3] *Commonwealth v. Gravely*, 918 A.2d 761 (Pa.Super.2007). Following the Superior Court's decision affirming the Judgment of Sentence, this Court granted Appellant's Petition for Allowance of Appeal, ordered that the matter be submitted, and directed the parties to file briefs limited to the following issue:

Did the Superior Court err in finding that Petitioner's issues were waived for failure to file a timely Pa.R.A.P. 1925(b) statement where the defendant timely sought an extension through a docketed letter to the trial court, the

**3.** The Superior Court panel also concluded that Appellant's failure to include the motion in limine in the certified record constituted "an alternate basis for finding waiver in this case." *Commonwealth v. Gravely*, 918 A.2d 761, 763 n. 3 (Pa.Super.2007). This alternate basis for waiver is not at issue in this appeal and we make no comment on its propriety.

trial court granted the extension through a non-docketed letter, which was acknowledged in the trial court's opinion, and the defendant's counsel filed the 1925(b) statement within the extended time frame?

The issue is now ripe for resolution by this Court.

■ Rule 1925 was extensively revised in 2007. The revisions were designed to resolve a number of problems that had complicated enforcement of the Rule. Those problems included a relatively brief amount of time allotted for filing a Statement, uncertainty surrounding an appellant's right to an extension of time for filing a Statement, and requirements that a Statement be concise while at the same time setting forth all objections to the order at issue. The 2007 amendments addressed these difficulties and made sweeping changes which included a longer period for filing, explicit provisions for extensions of time to file, and detailed direction on the information a Statement should include. However, this case arose prior to the 2007 amendments, when the Rule provided simply as follows:

(a) **General rule.** Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order, or for the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found.

(b) **Direction to file statement of matters complained of.** The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling, or other matter complained of.

(c) **Opinions in matters on petition for allowance of appeal.** Upon receipt of notice of the filing of a petition for allowance of appeal under Rule 1112(b) (appeals by allowance), the appellate court below which entered the order

sought to be reviewed, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order.

Pa.R.A.P. 1925 (1988) (amended 2007) (the "Former Rule").

The plain language of the Former Rule, applicable here, set a strict deadline; it allowed an appellant a maximum period of 14 days in which to satisfy a trial court's order directing that a Statement be filed. The Rule did not provide a mechanism for an extension of time. It simply provided that a Statement filed after the 14th day triggered possible waiver.

In light of the plain and unambiguous language of the Former Rule, this Court interpreted it strictly. In *Commonwealth v. Lord*, this Court characterized the Former Rule as a "crucial component of the appellate process" and held that "[a]ppellants must comply whenever the trial court orders them to file a Statement ... [and a]ny issues not raised in a 1925(b) statement will be deemed waived." 553 Pa. 415, 719 A.2d 306, 309 (1999). Three years later, in *Commonwealth v. Butler*, this Court reiterated the mandatory nature of the Former Rule as set out in *Lord*, characterizing its operation as "automatic." 571 Pa. 441, 812 A.2d 631, 633 (2002). The *Butler* Court further held that the Former Rule expressly applied to all appeals, direct or collateral. *Id.* at 633–34.

Despite the holdings in *Lord* and *Butler*, the Superior Court continued to resolve issues on appeal that had not been preserved under the terms of the Former Rule. The intermediate appellate court routinely engaged in merits review of untimely filed Statements, holding that where the trial court addressed the issues in its opinion, appellate review was not hampered by an untimely filing and should go forward. *See Commonwealth v. Alsop*, 799 A.2d 129 (Pa.Super.2002); *Commonwealth v. Ortiz*, 745 A.2d 662 (Pa.Super.), *appeal denied*, 568 Pa. 658, 795 A.2d 973 (2000).

This Court issued a definitive decision on the matter in *Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775 (2005). In *Castillo*, the appellant filed his Statement approximately 50

days after the trial court entered an order directing that it be filed. The Superior Court addressed the issue that had been raised in the untimely Statement. In doing so, the panel relied on *Alsop* and *Ortiz*, and the fact that the trial court had addressed the appellant's issue in its opinion. This Court firmly and unequivocally held that the issue had been waived due to the untimely filed Statement. *Id.* at 780. Characterizing *Lord* as setting out a "bright-line rule," the *Castillo* Court reaffirmed the mandatory nature of the Former Rule. Further, this Court cited with disapproval the Superior Court decisions that had created exceptions to *Lord* and permitted appellate review of issues that should have been deemed waived. *Id.* The *Castillo* Court explained the inequity that resulted from the Superior Court's decision to engage in merits review of those issues that had not been preserved with a timely Statement:

> Allowing for discretion regarding timeliness will result in inconsistencies. For example, when faced with the lack of a timely Pa.R.A.P. 1925(b) statement, one trial court might file quickly and efficiently an opinion waiving all issues, while another might address the issues it believes the appellant will raise, and still another might delay filing an opinion until a statement is received. If the appellant in each hypothetical case eventually files an equally untimely statement, the appellate court in the first case would waive the issues that the trial court waived, while in the second two scenarios, under current Superior Court precedent, the appellate court could address the issues so long as the trial court addressed the same issues in its opinion. As a result, the same factual situation could produce diametrically opposed results depending on how quickly a trial court files its opinion after the expiration of the Pa.R.A.P. 1925(b) filing period.... [W]e decline to adopt a position which will yield unsupportable distinctions between similarly situated litigants.
>
> * * *
>
> This firm rule avoids the situation that existed prior to Lord where trial courts were forced to anticipate which issues the

appellant might raise and appellate courts had to determine "whether they could conduct a 'meaningful review' despite an appellant's failure to file a Pa.R.A.P. 1925(b) statement or to include certain issues within a filed statement." . . . Moreover, the system provides litigants with clear rules regarding what is necessary for compliance and certainty of result for failure to comply.

888 A.2d at 778 (citations omitted).

Under *Castillo,* it is clear that an untimely Statement results in waiver of appellate review, regardless of the treatment the trial court affords the matter.

In the instant case, the issue is not whether an admittedly untimely Statement precludes appellate review despite the fact that the trial court addressed the appellant's claims. If it were, the question would be controlled by *Castillo* and the answer would be yes. The inquiry here is whether a Statement is untimely when the appellant seeks and receives an extension of time to file his Statement via an oral request, which request is confirmed by letters that are entered on the docket and made part of the certified record, as well as by the trial court's own declaration in its opinion.

The Superior Court held that Appellant's Statement was untimely and waiver mandatory under *Castillo.* As we note above, this case is not controlled by *Castillo.* The Superior Court also relied on its decision in *Commonwealth v. Woods,* 909 A.2d 372 (Pa.Super.2006), *appeal denied,* 591 Pa. 714, 919 A.2d 957 (2007). In *Woods,* the appellant filed a timely Statement in which he raised several issues and also asserted that he had been unable to obtain all of the notes of testimony in the case. The appellant's Statement included the following declaration: "Counsel reserves the right to file a final Statement of Matters Complained of on Appeal within fourteen days of the receipt of all the necessary notes of testimony in the case." *Id.* at 376. In addition, the Statement requested the trial court to postpone the filing of its opinion until counsel received the notes, had a "fair opportunity" to review them,

and supplemented the Statement.[4] *Id.* Three months later, the appellant filed a Supplemental Statement that raised additional issues on appeal and again contained a paragraph reserving the right to file an additional, "final Statement" within fourteen days of receipt of all "as yet uncompleted notes of testimony." *Id.*

The *Woods* panel, invoking *Castillo* and the Superior Court's case law on the issue of untimely Statements, held that only those issues raised in the appellant's initial, timely Statement warranted review. *Id.* at 377. All issues raised in the subsequent Statement were deemed waived due to the subsequent Statement's untimeliness. *Id.* The panel explained:

> [W]e hold herein that an appellant's mere language in an initial, timely 1925(b) statement unilaterally reserving additional time in which to file an untimely 1925(b) statement will not suffice to preserve future issues raised in an untimely statement, even when the reason for such action is the result of the unavailability of transcripts.
>
> Rather, we hold that an appellant must petition the trial court within the fourteen day period he or she has to file a timely 1925(b) statement, set forth good cause for an extension of a specific amount of time in which to file the statement, and obtain an order granting the request for the extension before the issues raised in an untimely 1925(b) statement will be preserved for appeal to this Court.

909 A.2d at 377–78.

In its opinion in the instant case, the Superior Court concluded that under *Woods*, an appellant may not get permission to file an otherwise untimely Statement by way of a " 'reservation of right' or other informal request." *Gravely*, 918 A.2d at 765. Instead, the Superior Court held, an appellant is required to file a petition seeking prior court approval for an extension of time. *Id.* With respect to counsel's letters

4. The Superior Court panel in *Woods* noted that the trial court never addressed the declarations or requests recited in the timely Statement and, further, the appellant never filed a separate petition seeking leave to file a supplemental Statement. 909 A.2d at 376 n. 8.

memorializing the request for an extension and the trial court's grant of same, the Superior Court deemed them "unavailing" because they did not notify the trial court of appellant's request for an extension or seek an order granting the request. *Id.* The panel characterized the letters as "inform[ing] the trial court as to what avenue [appellant] was going to take and then plac[ing] the burden on the trial court to contact [a]ppellant if 'this is not acceptable to Your Honor.' " *Id.* at 765–66.

We concede that the manner in which Appellant sought an extension in this case, as well as the method by which he made the grant of such extension a matter of record, is unusual and troubling. Troubling too is the trial court's approval of—and participation in—such conduct. Letters memorializing off-the-record conversations, even when docketed and made part of the certified record, are not the preferred method of compliance with Rule 1925, regardless of whether it is the version at issue here or the amended version currently in place. However, we cannot agree with the Superior Court that Appellant's actions are similar to those of the appellant in *Woods.* Indeed, the fact that the trial court in this case orally granted an extension to Appellant, coupled with Appellant's efforts to ensure the court-approved extension was part of the record, are what set this case apart from *Woods.*

In *Castillo,* this Court reaffirmed the bright-line rule articulated in *Lord* that an appellant must comply with the trial court's order to file a Statement or suffer the harsh sanction of waiver. *Castillo,* 888 A.2d at 779–80. This Court recognized, however, that the "severity of the sanction" was lessened because of "trial courts' demonstrated willingness to grant extensions to proactive appellants prior to the expiration of the filing period." *Id.* at 780. The new version of Rule 1925 likewise recognizes the significance of an appellant's opportunity to seek and receive an extension of time in which to file his Statement. Unlike the Rule in place at the time Appellant filed his appeal, the Rule now expressly provides for extensions of time:

Time for filing and service.—The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc.*

Pa.R.A.P. 1925(b)(2) (as amended by order dated May 10, 2007, effective July 25, 2007) ("Amended Rule").

We note that while the Amended Rule clearly envisions requests for extensions, it is not explicit as to the method by which an appellant must proceed. Its plain language requires an "application" by the appellant within the initial 21-day period and some assertion—as well as a finding—of good cause. But the Amended Rule provides little more. It neither approves nor prohibits oral applications and it does not set out the method by which the application is to be made part of the record.[5] Thus, even under the Amended Rule, the very problem that occurred in this case arguably is capable of being repeated.

Appellant moved swiftly to preserve his right to raise issues on appeal. His actions demonstrated the kind of "proactive" conduct this Court noted with approval in *Castillo.* Although Appellant's request for an extension was made orally (as was the trial court's grant of the extension), both the request and the grant were accomplished within the 14-day time limit. Further, Appellant confirmed those facts in a letter, which he promptly filed with the court, also within the 14-day time

---

**5.** Of course, there is no expectation or need for the Rule to set out a definition of the term "application." The Commonwealth makes the logical argument that an application is akin to a petition, which is defined as a "formal written request presented to a court." Appellee's Brief at 21 (citing Black's Law Dictionary 1165 (7th ed. 1999)). We agree. *See also* Pa.R.A.P. 123(a) (describing applications for relief as written requests). As we explain *infra,* all appellants seeking an extension under Rule 1925 from this date forward must make a written application to the trial court.

limit.[6] At the time of these events, the law was clear that appellants were required to file timely Statements, but there was no specific method set out in the Rule directing the manner in which an extension could be sought or should be granted. In fact, this Court had not yet handed down its decision in *Castillo*.[7] Nonetheless, the record reflects that both Appellant and the trial court took steps to comply with *Lord* and its clear mandate that the terms of Rule 1925(b) were mandatory. Because the record establishes that Appellant acted promptly and proactively to preserve his rights *on the record*, and because the trial court approved counsel's actions and granted counsel's request for an extension of time, we cannot sustain the Superior Court's finding of waiver.[8]

 In *Lord*, this Court concluded that the trial court's error in excusing compliance with Rule 1925 was "understandable."[9] 719 A.2d at 309. As a result, this Court remanded the matter, but also issued a prospective order clarifying the procedure and requiring compliance from that date forward. We reach a similar conclusion with respect to this case and so resolve it in a similar manner.[10] We vacate the order of the

6. In *Butler*, the appellant asserted that he had "provided" a Statement to the trial court. 812 A.2d at 634. This Court noted that the Statement had not been properly filed as it "[did] not appear anywhere in the original record, [was] not evinced by any docket entry, and [did] not bear the customary 'time stamp' of the clerk of courts." *Id.* In this case, Appellant satisfied all of these indicia of proper filing.

7. The Superior Court relied on *Woods* as a definitive case directing that an appellant must file a formal petition for extension with the trial court. *Gravely*, 918 A.2d at 766. *Woods* was decided a full year after the events in this case.

8. We reiterate that the combination of the docketed letters, their presence in the certified record, and the trial court's explicit confirmation that it granted an extension, prompts us to reject the Superior Court's finding of waiver.

9. At the time *Lord* was decided, a recently enacted rule of criminal procedure, now Pa.R.Crim.P. 720, eliminated post-verdict motions. The Lord Court observed that it was unclear to the bench and bar whether the new rule was intended to modify the operation of Rule 1925.

10. In a thoughtful dissenting opinion, Justice Saylor suggests that this Court should decline this appeal as improvidently granted. Justice Saylor observes that our holding has a narrow effect and, further, that

Superior Court and remand the matter to that court for resolution of the issues without a finding of waiver for an untimely Statement. From this date forward, an appellant who seeks an extension of time to file a Statement must do so by *filing a written* application with the trial court, setting out good cause for such extension, and requesting an order granting the extension. The failure to file such an application within the 21–day time limit set forth in Rule 1925(b)(2) will result in waiver of all issues not raised by that date.

Order vacated and matter remanded to Superior Court. Jurisdiction relinquished.

Justices EAKIN and BAER, Justice TODD and Justice McCAFFERY join the opinion.

Justice SAYLOR files a dissenting opinion in which Chief Justice CASTILLE joins.

Justice SAYLOR, dissenting.

The Commonwealth's lead argument is that this appeal should be dismissed as improvidently granted. The primary reason is that Appellant's claim arises under a superseded version of Rule 1925(b), and thus, this Court's present holding would at most apply to a relatively few similarly situated appellants.[1] Moreover, the Commonwealth highlights the ex-

Appellant has an alternative basis for relief, i.e., he may seek reinstatement of his direct appeal rights by filing a petition for collateral relief. These observations are both correct and compelling. Like the dissent, we too favor the rulemaking process as the proper vehicle for changes to any rule of this Court. But our intention here is to *clarify;* it is the confusion and uncertainty surrounding Rule 1925 that prompts our decision in this case. The dissenting opinion further suggests that in reaching this decision, we have disavowed that part of the Amended Rule that authorizes the trial court, in "extraordinary circumstances," to "allow for the filing of a Statement ... *nunc pro tunc.*" Pa.R.A.P. 1925(b). We in no manner renounce any part of the Amended Rule, including that part that authorizes the trial court to permit a *nunc pro tunc* filing in light of extraordinary circumstances.

1. *See generally Pennsylvanians Against Gambling Expansion Fund v. Commonwealth,* 583 Pa. 275, 301, 877 A.2d 383, 398 (2005) (observing that in all judicial decisions the holding must be read against the underlying facts of the case); *Commonwealth v. Singley,* 582 Pa. 5, 15, 868 A.2d 403, 409 (2005) (expressing the axiom that "a statement in [a]

isting, available procedure for individuals whose appellate rights were forfeited by their counsel on direct appeal through deficient stewardship, namely, the advancement of a post-conviction petition seeking reinstatement of direct-appeal rights. *See Commonwealth v. Halley,* 582 Pa. 164, 172, 870 A.2d 795, 801 (2005). Indeed, the Commonwealth essentially concedes such relief is available to Appellant in the post-conviction context. *See* Brief for Appellee at 17 ("[H]ad defendant simply filed a PCRA petition following the Superior Court's February 2007 decision, he would most likely already have had merits review of his claim by now."). Furthermore, the Commonwealth points to the Superior Court's alternative holding that the single substantive issue Appellant seeks to pursue to challenge his conviction is waived for the independent reason that he failed to ensure transmission of a complete record on appeal. In light of this holding, which Appellant did not challenge in his petition for allowance of appeal and is outside the scope of our review, *see* Majority Opinion, at 73 n. 3, 970 A.2d at 1140 n. 3, the Commonwealth explains that no relief is available to Appellant in the present appeal in any event.

I agree with the Commonwealth's arguments on the above points; therefore, I would dismiss the appeal as improvidently granted. Additionally, it is my strong preference that any necessary adjustments to new Rule 1925 should be made through the rulemaking process. In my view, the experience with *Commonwealth v. Lord,* 553 Pa. 415, 420, 719 A.2d 306, 309 (1998), favors such an approach (since the effort in *Lord* and its progeny to announce and maintain an unyielding waiver approach outside the rulemaking process proved unworkable, triggering a substantial outcry from the legal community and culminating in the amendments to Rule 1925). For all of these reasons, I do not support the majority's utilization of this appeal as a vehicle for imposing another bright-line rule. *See* Majority Opinion, at 82, 970 A.2d at 1145 ("The failure to file . . . an application within the 21–day time limit set forth in Rule 1925(b)(2) will result in waiver of all

prior opinion, which clearly was not decisional but merely *dicta,* 'is not binding upon us' " (citation omitted)).

issues not raised by that date."). My concern arises, in particular, since the majority now appears to disavow the limited flexibility which we had just incorporated into the very recent rule amendments. *See* Pa.R.A.P. 1925(b) ("In extraordinary circumstances, the [common pleas] judge may allow for the filing of a Statement ... *nunc pro tunc*.").

Finally, I also differ with the majority's perception that there is some ambiguity in new Rule 1925 in terms of whether an application should be written. *See* Majority Opinion, at 80, 970 A.2d at 1144. As the Commonwealth also explains, under the explicit terms of the existing Rules of Appellate Procedure, "[u]nless another form is elsewhere prescribed by these rules, an application for an order or other relief shall be made by filing a written application for such order or relief with proof of service on all other parties." Pa.R.A.P. 123(a). Since Rule of Appellate Procedure 1925(b)(2) does not specify any alternative form, I do not see that there is anything unclear about the requirement of a written application to obtain an extension of the time period for filing a statement of matters complained of on appeal.

Chief Justice CASTILLE joins this dissenting opinion.