J-S75012-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LIONEL LAWRENCE | |
| Appellant | No. 3044 EDA 2013 |

Appeal from the Judgment of Sentence August 27, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000867-2011

BEFORE:  ALLEN, J., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:                **FILED FEBRUARY 06, 2015**

Appellant, Lionel Lawrence, appeals from the August 27, 2013 aggregate judgment of sentence imposing a two to four year term of imprisonment, followed by two years' probation, after a jury found him guilty of theft by deception, forgery, and securing execution of documents by deception.[1]  After careful review, we remand to the trial court pursuant to Pennsylvania Rule of Appellate Procedure 1925(c)(3) for proceedings consistent with this memorandum.

It is sufficient to recount the following procedure, without reference to the underlying factual basis that resulted in conviction, as the procedural

---

[1] 18 Pa.C.S.A. §§ 3922(a)(1), 4101(a)(1), and 4114, respectively.

history of this case compels our disposition. The Commonwealth charged Appellant with the aforementioned offenses as well as theft by unlawful taking, receiving stolen property, identity theft, and tampering with records.[2] Criminal Information, 1/31/11, at 1-2. On March 20, 2011, Appellant proceeded to a jury trial, where he represented himself with the assistance of standby counsel.[3] At the conclusion of the trial, Appellant was convicted of theft by deception, forgery, and securing execution of documents by deception. The remaining charges were either quashed or *nolle prossed.* The trial court sentenced Appellant on August 27, 2013 and appointed counsel to represent Appellant on appeal. On September 5, 2013, Appellant filed a timely post-sentence motion, which the trial court denied on September 30, 2013.

On October 29, 2013, counsel filed a timely notice of appeal. On November 1, 2013, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b). On November 25, 2013, counsel for Appellant filed an untimely statement of

---

[2] 18 Pa.C.S.A. §§ 3921(a), 3925(a), 4120(a), and 4104(a), respectively.

[3] Appellant was ordered to participate in a mental health evaluation and was deemed competent to participate in trial and represent himself. The record discloses the trial court determined Appellant knowingly, intelligently, and voluntarily waived his right to counsel pursuant to Pennsylvania Rule of Criminal Procedure 121. The order stating this finding is an entry written directly on the docket sheet, dated September 7, 2011, and signed by the court. Trial Court Order, 9/7/11.

errors complained of on appeal and a request for an extension of time to file a supplemental statement of errors complained of on appeal following counsel's receipt of the trial transcripts.  Rule 1925(b) Statement, 11/25/13; Motion for Extension of time, 11/25/13.  The trial court never ruled on counsel's request to file a supplemental statement, and counsel did not file a supplemental statement.  The certified record discloses the trial judge is now retired and did not file a Rule 1925(a) opinion in this matter.

We begin by noting that Rule 1925(b) provides that appellants may seek for an extension of time to file a Rule 1925(b) statement beyond the initial timeframe ordered by the trial court.

### Rule 1925. Opinion in Support of Order

…

**(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.**

…

(2) *Time for filing and service.-*  The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement.  Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. Good cause includes, but it is not limited to, delay in the production of a transcript necessary to develop the Statement so long as such delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal.  In extraordinary circumstances, the judge

> may allow for the filing of a Statement of amended or supplemental Statement *nunc pro tunc*.

Pa.R.A.P. 1925(b)(2).

We acknowledge that it is well settled in Pennsylvania that the failure to file a timely Rule 1925(b) statement automatically results in waiver of all issues on appeal, regardless of the length of the delay in filing. **See Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011). However, this Court has concluded that a late 1925(b) statement by a criminal defendant represented by counsel constitutes *per se* ineffectiveness, and the proper remedy is to remand for the filing of such a statement *nunc pro tunc*. **Commonwealth v. Grohowski**, 980 A.2d 113, 114 (Pa. Super. 2009), *citing* **Commonwealth v. Burton**, 972 A.2d 428, 433 (Pa. Super. 2009) (*en banc*); **see also Commonwealth v. Myers**, 86 A.3d 286, 289 (Pa. Super. 2014) (observing that if appellant's Rule 1925(b) statement was late, "we would be obligated as a matter of our rules of procedure to deem appellate counsel ineffective and to remand for the filing of a Statement *nunc pro tunc*."), *citing* Pa.R.A.P. 1925(c)(3). The plain text of Rule 1925(c)(3) outlines the procedure when an appellant fails to file a court-ordered Rule 1925(b) statement.

**Rule 1925. Opinion in Support of Order**

…

**(c) Remand.**

…

- 4 -

(3) If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3).

In interpreting Rule 1925(c)(3) to also extend to cases where counsel has failed to timely file a court-ordered Rule 1925(b) statement, this Court explained the rationale as follows.

> The complete failure to file the 1925 concise statement is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal. Likewise, the untimely filing is per se ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal. Thus[,] **untimely filing of the 1925 concise statement is the equivalent of a complete failure to file. Both are *per se* ineffectiveness of counsel from which appellants are entitled to the same prompt relief.**
>
> The view that Rule 1925(c)(3) does not apply to untimely 1925 concise statements would produce paradoxical results. The attorney who abandons his client by failing to file a 1925 concise statement would do less of a disservice to the client than the attorney who files a 1925 concise statement beyond the deadline for filing.

*Commonwealth v. Thompson*, 39 A.3d 335, 339-340 (Pa. Super. 2012) (emphasis in original), *citing* **Burton**, **supra** at 432-433. Nevertheless, we may elect not to remand and proceed to review an appellant's arguments in

cases where the trial court has filed an opinion addressing the issues raised in the untimely Rule 1925(b) statement. *Grohowski*, *supra* (citation omitted).

As noted, the trial court ordered Appellant to file his Rule 1925(b) statement on November 1, 2013. Trial Court Order, 11/1/13. The trial court ordered Appellant to file the statement within 21 days of the order, *i.e.* on or before November 22, 2013. *Id.* Appellant filed his Rule 1925(b) statement on November 25, 2013, outside the 21-day window prescribed by the trial court, therefore, Appellant's Rule 1925(b) statement is patently untimely. Appellant contemporaneously sought to extend the period of time to file a supplemental Rule 1925(b) statement. Motion for Extension of time, 11/25/13. In his request for additional time, counsel for Appellant averred that he had not yet received the notes of testimony and that he had left messages for the court reporter seeking transcripts. *Id.* at 2. However, the trial court never ruled on this motion. Appellant does not argue his Rule 1925(b) statement was timely filed nor offer any explanation for the delay in filing his Rule 1925(b) statement or motion for extension of time to file a supplemental statement. Appellant merely acknowledges, "[t]he trial court never issued a ruling on this motion, accordingly, no supplemental statement of errors was filed." Appellant's Brief at 7.

Rule 1925(b) would permit a trial court to grant such an application if it determined that the delay in the receipt of the transcripts was not

attributable to counsel's lack of diligence in attempting to acquire them. **See generally** Pa.R.A.P. 1925(b)(2). However, this does not excuse the late filing of the request. Our Supreme Court has clarified, "an appellant who seeks an extension of time to file a Statement must do so by *filing a written* application with the trial court, setting out good cause for such extension, and requesting an order granting the extension." **Commonwealth v. Gravely**, 970 A.2d 1137, 1143 (Pa. 2009) (emphasis in original). An appellant's failure to seek an extension within the time limit of Rule 1925(b) will result in waiver of the additional issues not timely raised. **Id.** "While it is clear that, whatever else we may do, we may not consider the merits of an appeal when the Rule 1925 statement was untimely filed." **Myers**, **supra** (citation omitted). Therefore, because the trial court never issued a Rule 1925(a) opinion in this matter following Appellant's untimely filing of his Rule 1925(b) statement, we remand this case pursuant to Rule 1925(c)(3).

Accordingly, because we have concluded counsel has been *per se* ineffective for his failure to timely file a Rule 1925(b) statement, we remand to the trial court in order for the trial court to author a Rule 1925(a) opinion. **See Thompson**, **supra**; **Growhoski**, **supra**; Pa.R.A.P. 1925(c)(3). Further, because Appellant sought to enlarge the time for filing a supplemental statement and included a statement of good cause in both the motion **and** the Rule 1925(b) statement he originally filed, to which the trial

court never responded, we direct the trial court to respond to Appellant's request.

Case remanded. Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/2015