J-S19024-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEVONTE PERKINS | : | |
| | : | |
| Appellant | : | No. 793 EDA 2019 |

Appeal from the Judgment of Sentence Entered February 12, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0006907-2017

BEFORE: BOWES, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED MAY 28, 2020**

Devonte Perkins (Appellant) appeals from the judgment of sentence entered in the Delaware County Court of Common Pleas, following his jury trial convictions of first-degree murder[1] and related offenses. Appellant argues the trial court erred in refusing to provide a voluntary manslaughter jury instruction. We affirm.

On September 19, 2017, the Commonwealth charged Appellant with, *inter alia*, criminal homicide, first-degree murder, possessing instruments of crime (PIC), receiving stolen property (RSP) (with respect to the gun), persons adjudicated delinquent not to possess firearms, and firearms not to be carried

_____

[1] 18 Pa.C.S. § 2502(a).

without a license.[2]  Appellant was 18 years old at the time of the underlying

offenses.[3]  A jury trial commenced on December 3, 2018, at which the

Commonwealth presented the following evidence:  on June 27, 2017, Blaine

Jones, Jr. (Victim) and Latasha Hanson were engaged in a verbal dispute when

Hanson threatened him and called Appellant on her cellphone to come to the

scene.  Appellant and two other men, James Carroll and Everett Wilson,

arrived and surrounded Victim.  The individuals continued to quarrel.  Victim

yelled to his father, "Dad, go get your gun."  N.T. Jury Trial, 12/3/18, at 48

(testimony of Victim's father).  Video surveillance of this encounter showed

---

[2] 18 Pa.C.S. §§ 907(b), 2501, 3925(a), 6105(c)(7), 6106(a)(1).

[3] We note that several documents in the record state Appellant's birth date is December 17, 1999.  *See* Order of Sentence, 2/12/19; Police Criminal Complaint, at 1, 9/18/17.  If so, Appellant would have been 17½ years old at the time of the offense and thus subject to sentencing as a juvenile.  *See* *Miller v. Alabama*, 567 U.S. 460, 465 (2012) (sentence of "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments'"); *Commonwealth v. Batts*, 163 A.3d 410 (Pa. 2017).  Furthermore, Appellant's present counsel — who was appointed following the notice of appeal — stated in an amended Pa.R.A.P. 1925(b) statement that Appellant's birth date was December 17, 1999, and averred the trial court erred in failing to consider the *Miller* factors at sentencing.  Appellant's Amended Statement of Matters Complained of on Appeal, 9/19/19, at 4-5.

However, we note that at sentencing, the Commonwealth specified "[t]he psychological evaluation has an incorrect birthdate for [Appellant], December of 1999.  But [Appellant's] birthday is in fact June 17, 1999."  N.T. Sentencing, 2/9/19, at 14-15.  Appellant did not object and the trial court accepted June 17, 1999, at his birth date.  Appellant was thus 18 years and 11 days old at the time of the offense.  Furthermore, we note Appellant's counsel has abandoned, on appeal, any *Miller* and *Batts* sentencing claim, and indeed acknowledges Appellant was 18.  *See* Appellant's Brief at 8-10.

- 2 -

the group quickly disperse as Carroll sustained a gunshot to his thigh. Appellant crouched behind a parked SUV after this gunshot. N.T. Jury Trial, 12/4/18, at 71 (testimony of Sheriff Joseph McFate explaining details of video as it played). Victim began running away. N.T., 12/3/18, at 53. Appellant then emerged from behind the SUV in a "shooting stance" toward Victim. N.T., 12/4/18, at 65, 74. Appellant began running too and chased after Victim, firing multiple shots and shooting him. N.T., 12/3/18, at 55. Victim's father, who witnessed the entire incident, rushed his son to the hospital where he died.

The assistant medical examiner, presented as a forensic pathology expert witness, testified that Victim sustained gunshot wounds to his upper back and the back of his arm, which were consistent with Victim running and raising his right arm in a defensive posture. N.T. Jury Trial, 12/5/18, at 43-44. Ballistics evidence showed six fired cartridge cases recovered at the crime scene came from the same firearm. *Id.* at 20, 22-23. At trial, Victim's father testified that he never retrieved his firearm and did not see anyone in possession of a firearm other than Appellant. N.T., 12/3/18, at 52-53, 106-07.

Appellant presented one exhibit — a statement to police by Victim's uncle — but did not testify.

Appellant requested a voluntary manslaughter jury instruction. The trial court denied this request, finding "the evidence presented does not support

the charge based on the arguments of counsel and the record." N.T., 12/5/18, at 93. We note Appellant did not object to the jury instructions after they were given. *See id.* at 169.

On December 5, 2018, the jury found Appellant guilty of criminal homicide, first-degree murder, PIC, RSP, and firearms not to be carried without a license. The trial court separately found Appellant guilty of persons adjudicated delinquent not to possess firearms. N.T., 12/5/18, at 179-81. On February 12, 2019, the trial court imposed a mandatory sentence of life imprisonment without parole for the murder conviction.[4] Appellant then made an oral motion for a new trial on the grounds that the verdict was against the weight of the evidence, which the trial court denied. N.T. Sentencing, 2/12/19, at 20. Appellant did not file a post-sentence motion.

On March 8, 2019, Appellant's counsel filed a timely notice of appeal along with a motion to withdraw from the representation, which the trial court granted. The court appointed the Delaware County Public Defender's office; however, on June 24, 2019, the Public Defender cited a conflict of interest and requested that the court appoint another attorney. The court agreed and on June 26th, appointed present counsel.

_____

[4] The court also imposed the following sentences of imprisonment, all to run consecutive to his life sentence: (1) 60 to 120 months for persons adjudicated delinquent not to possess firearms; (2) 42 to 84 months for firearms not to be carried without a license; (3) 27 to 54 months for RSP; and (4) 16 to 32 months for PIC. Order of Sentence, 2/12/19.

Neither the trial docket nor the record includes any initial order directing Appellant to file a Pa.R.A.P. 1925(b) statement. Instead, on August 2, 2019, the trial court issued an order purporting to grant Appellant's request for an extension of time to file a concise statement. This order set a deadline of 21 days, by August 23, 2019. Order, 8/2/19. Appellant filed a Rule 1925(b) statement on August 26th, **after** the court's purported deadline. Appellant then filed, on September 19th, an amended Rule 1925(b) statement, without any record indication that he requested or was granted a further extension of time.

Without clarification from the trial court as to whether there was an earlier Rule 1925(b) order, the effect of the court's August 2, 2019, order is not clear. **See** Pa.R.A.P. 1925(b)(4)(vii) (issues not raised in accordance with this Rule are waived); **Commonwealth v. Gravely**, 970 A.2d 1137, 1145 (Pa. 2009) (appellant who seeks extension of time to file Rule 1925(b) statement must file written application setting out good cause, and failure to do so will result in waiver of all issues not raised by filing deadline). However, even if we were to conclude Appellant filed an untimely statement, we may proceed to review the merits of Appellant's claim, which were raised in the first Rule 1925(b) statement and addressed by the trial court in its opinion. **See Commonwealth v. Thompson**, 39 A.3d 335, 340 (Pa. Super. 2012) (attorney's untimely filing of Rule 1925(b) statement is *per se* ineffectiveness from which appellant is entitled to prompt relief; remand is not necessary

- 5 -

where trial court addressed issues raised in the statement, and this Court may address merits thereof).

Appellant presents one issue for our review:

1. Did the court err in not allowing the requested charges of voluntary manslaughter concerning [A]ppellant? That [A]ppellant argues there was enough and sufficient evidence that the shooting resulting in the death of [Victim] was a result of heat of passion or unreasonable belief. That [V]ictim or some other person involved in this matter had a gun and shot their own pistol first, striking . . . Carroll in the thigh. That [A]ppellant in this matter reacted to this sudden provocation in the heat of passion or with an unreasonable belief and committed this [m]anslaughter. That the jury instruction for voluntary manslaughter should have been given to the jury as this issue was a decision for the fact finder to resolve and that failure prejudiced [A]ppellant.

Appellant's Brief at 4.

Appellant contends the trial court erred when it denied his request for a voluntary manslaughter jury instruction, and thus he did not receive a fair trial. Appellant maintains there was sufficient evidence to demonstrate he acted in the heat of passion and reacted to serious provocations. Appellant highlights such facts as the close proximity of all men involved who were loudly screaming at each other, Victim's request for his father to get his gun, and the unknown origin of the shot that hit Carroll. Appellant's Brief at 12. We conclude this issue is waived.

In order to preserve a claim of error regarding the denial of a request for a jury instruction, Pennsylvania Rule of Criminal Procedure 647 requires that a party make "specific objections [ ] thereto before the jury retires to deliberate." Pa.R.Crim.P. 647(C). "[T]he mere submission and subsequent

denial of proposed points for charge that are inconsistent with or omitted from the instructions actually given will not suffice to preserve an issue, absent a specific objection or exception to the charge or the trial court's ruling respecting the points." **Commonwealth v. Pressley**, 887 A.2d 220, 225 (Pa. 2005).

Here, we find no place in the record where Appellant preserved a challenge to the denial of his request for a jury instruction on voluntary manslaughter. While Appellant requested a charge on voluntary manslaughter, he did not object after the court gave the jury instructions as given. **See** N.T., 12/5/18, at 169. Instead, when the trial court asked both parties whether they had any objections to the jury charge, trial counsel stated, "No, sir." **Id.** As Appellant did not properly preserve this issue for appeal, any claim of error regarding the voluntary manslaughter jury instruction is waived. **See** Pa.R.Crim.P. 647(C); **Pressley**, 887 A.2d at 225.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/28/20