IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
:
v.    :
:
John M. DeMaske,    :    No. 770 C.D. 2019
    Appellant    :    Submitted: December 13, 2021


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
    HONORABLE CHRISTINE FIZZANO CANNON, Judge
    HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON    FILED: January 4, 2022


John M. DeMaske (Appellant) appeals from the judgment of sentence entered in the Court of Common Pleas of Greene County (trial court) following his jury trial convictions for six (6) counts of unlawful killing or taking of big game, in violation of the Game and Wildlife Code,[1] 34 Pa.C.S. § 2321(a)(2). After careful review, we remand this matter to the trial court for the filing, *nunc pro tunc*, of a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) and the issuance by the trial court of an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).

_____

[1] 34 Pa.C.S. §§ 101-2965.

The relevant facts and procedural history of this appeal are as follows. On November 15, 2015, Appellant presented at the home of Lonnie Starcher.[2] *See* Notes of Testimony, May 31, 2018 (N.T. 5/31/2018) at 51, 75-76, 186. Appellant had eight deer antler racks in his truck, which he removed and placed in a storage shed on the property owned and used by the DeMaske family.[3] *See id.* at 76.

On November 20, 2015, the Pennsylvania Game Commission received an anonymous report regarding deer antlers being stored at Starcher's residence. *See* N.T. 5/31/2018 at 50-51. As a result, multiple game wardens arrived at the residence on the evening of November 20, 2015, and discovered eight racks of antlers in the storage shed, seven of which appeared fairly fresh with blood and brain matter still attached.[4] *See id.* at 51-52, 65, 72-73. The game wardens photographed and seized the antlers. *See id.* at 52.

On November 21, 2015, multiple game wardens visited Appellant's home, where they encountered Appellant. *See* N.T. 5/31/2018 at 68, 89, 94-95, 99. Appellant gave a statement to the wardens regarding the deer antlers while seated in the passenger's seat of the wardens' vehicle. *See id.* During the interview, Appellant admitted to the game wardens that he had delivered the antlers to the shed at Starcher's. *See* N.T. 5/31/2018 at 89-90. He further admitted that he killed three

---

[2] Starcher rents a house on property owned by Appellant's father, Marko DeMaske, with whom Starcher has a good relationship. *See* Notes of Testimony, May 31, 2018 (N.T. 5/31/2018), at 65, 75, 77 & 80.

[3] Starcher explained that he stores some Christmas things and a lawn mower in the shed, but that otherwise the DeMaske family owns the storage shed and accesses it to store things therein at their convenience. *See* N.T. 5/31/2018 at 80.

[4] The eighth antler rack appeared to the game wardens to be an old rack. *See* N.T. 5/31/2018 at 52, 69.

deer with a crossbow during the hunting season, although he was only supposed to kill one. *See* N.T. 5/31/2018 at 90, 98-99, 178. At trial, Appellant testified that he did not intentionally kill three deer in violation of the rules. *See* N.T. 5/31/2018 at 178. Instead, Appellant explained that he had shot the first deer and tried to track it, without success. *See* N.T. 5/31/2018 at 90-91, 99, 178. Appellant explained that he thereafter shot and killed a second deer, then found the carcass of the first deer before shooting and killing a third deer with the aid of his father, Marko DeMaske.[5] *See* N.T. 5/31/2018 at 90-91, 99-100, 179. Appellant also explained that three of the deer antlers in the shed came from roadkill and another was killed by Kevin Jenkins, another renter.[6] *See* N.T. 5/31/2018 at 90. Appellant also voluntarily showed the game wardens pictures of the deer that were on his phone, which the wardens confiscated. *See* N.T. 5/31/2018 at 93, 103. The game wardens also confiscated Appellant's two crossbows during the interview. *See* N.T. 5/31/2018 at 93-94, 98-99, 110, 177.

Regarding licensing, Appellant possessed only one tag to harvest an antlered deer in Pennsylvania during the 2015 hunting season. *See* 5/31/2018 at 141, 148. Appellant did not have a hunting license from West Virginia or Ohio for 2015, and he did not report any harvest in 2015 to the Pennsylvania Game Commission. *See* 5/31/2018 at 141, 153-55.

---

[5] Game wardens also charged Marko DeMaske with multiple counts of unlawful killing or taking of big game, but later dropped those charges. *See* N.T. 5/31/2018 at 71, 101.

[6] This version comes from the game wardens' – Officers Steve King, Michael Lubic, and Brandon Bodin – testimony as to what Appellant told the authorities. *See* N.T. 5/31/2018 at 49-73, 88-111 & 138-172. On direct examination, Appellant provided a slightly different version of how the seven fresh sets of antlers came to be in the shed: one was his, one was his father's, two were the ones he had injured and that Starcher had retrieved, two were roadkill, and the final one was that of the second renter, Kevin Jenkins. *See* N.T. 5/31/2018 at 183-84.

3

Following a two-day trial, a jury convicted Appellant of seven counts of unlawful killing or taking of big game.[7]  On August 1, 2018, the trial court sentenced Appellant to an aggregate sentence of 5 days to 8 months of incarceration followed by 60 days of probation, together with fines and restitution totaling $3,000 and $4,000, respectively.  *See* Trial Court Sentencing Order dated August 1, 2018 at 2-5 (pagination supplied).

Appellant filed a timely Notice of Appeal on August 24, 2018.[8]  *See* Notice of Appeal filed Aug. 24, 2018.  On August 30, 2018, the trial court directed Appellant to file a Pennsylvania Rule of Appellate Procedure 1925(b) concise statement of errors complained of on appeal within 21 days.  *See* Trial Court Order dated Aug. 30, 2018 (Rule 1925(b) Order).  On September 10, 2018, in response to Appellant's Motion for Extension to File a Concise Statement filed the same day, the trial court extended Appellant's deadline to file his Rule 1925(b) statement to October 10, 2018.[9]  *See* Trial Court Order dated Sept. 10, 2018 (Rule 1925(b)

---

[7] Despite the jury's conviction on seven counts of unlawful killing or taking of big game, the verdict was recorded as six counts because Appellant had one antlered deer tag for 2015, although Appellant failed to report any deer harvest to the Pennsylvania Game Commission in 2015.

[8] Appellant originally filed this appeal in the Superior Court of Pennsylvania.  *See* Notice of Appeal; Superior Court Docket No. 1221 WDA 2018 at 4.  The Superior Court transferred the matter to this Court on April 29, 2019, pursuant to Section 762(a)(2)(ii) of the Judicial Code, 42 Pa.C.S. § 762(a)(2)(ii), which confers upon this Court appellate jurisdiction over criminal proceedings for violations of regulatory statutes administered by Commonwealth agencies.  *See* *Dickerson v. Commonwealth*, 87 A.2d 379, 381 (Pa. Cmwlth. 1991).

[9] In his proposed order for the trial court's signature, Appellant requested that the trial court extend the Rule 1925(b) statement filing deadline to "within twenty-one (21) days after the transcript is filed[.]"  *See* Rule 1925(b) Extension Order.  The trial court, however, struck this suggested temporal language from the order and replaced it with a handwritten notation indicating the Rule 1925(b) statement was due "30 days from this date[,]" which made the deadline for filing a Rule 1925(b) Statement October 10, 2018.  *Id.*

Extension Order); *see also* Motion for Extension to File a Concise Statement filed Sept. 10, 2018 (First Extension Request).

On November 1, 2018, after Appellant failed to file a Rule 1925(b) statement by the October 10, 2018 deadline, the trial court issued an order directing that the record of the matter be transferred to the appellate court for review without a Rule 1925(b) statement. *See* Trial Court Order dated Nov. 1, 2018 (Transmittal Order). Thereafter, on November 13, 2018, Appellant filed a Rule 1925(b) statement and his "Motion to Permit Late Filing of Defendant's Concise Statement of Errors Complained of On Appeal" with the trial court. *See* Motion to Permit Late Filing of Defendant's Concise Statement of Errors Complained of On Appeal filed Nov. 13, 2018 (Second Extension Request); *see also* Concise Statement of Errors Complained of On Appeal filed Nov. 13, 2018. In an order dated November 16, 2018, the trial court acknowledged these filings only to the extent that it directed the Greene County Clerk of Courts to forward copies of the filed Rule 1925(b) statement and the November 16, 2018 order to the appellate court for its consideration. *See* Trial Court Order filed Nov. 16, 2018 (Second Transmittal Order).

Appellant raises the following issues for our review:

1. Did the [trial c]ourt permit Deputy Game Warden Bonin and Deputy Game Warden King to give expert testimony without these witnesses being qualified as an expert or being required to provide expert reports to the defense?

2. Did the [trial c]ourt err in treating each set of deer antlers which [Appellant] transported to [] Starcher's residence as a separate criminal offense?

3. Was [Appellant] unduly prejudiced by the prosecution e-mailing discovery to defense counsel months after it was due and days before the trial?

4. Did the [trial c]ourt err in failing to enter a Motion to Dismiss all but three [c]ounts of unlawfully possessing or killing deer at the conclusion of the Commonwealth's case in chief? Did the Commonwealth fail to establish a prima facie case?

5. Did the [trial c]ourt err in not entering a directed verdict for [Appellant] at the conclusion of all the evidence as the Commonwealth proved only that [Appellant] killed three deer and he had a lawful tag for one deer?

6. Did the Commonwealth's evidence fail to prove that [Appellant] knew that all seven sets of deer antlers in his possession were illegally obtained or killed by other people?

7. Did the Commonwealth fail to provide notes taken by Deputy Game Warden Lubic which were transcribed at the time [Appellant] was being questioned by police?

Appellant's Br. at 3-4.

Before reviewing Appellant's claims, we must address the Commonwealth's suggestion that Appellant has waived his claims by failing to comply with the trial court's Rule 1925(b) Order and Rule 1925(b) Extension Order. *See* Commonwealth's Br. at 7.

Generally,

in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to Pa.R.A.P.1925. Any issues not raised in a Pa.R.A.P.1925(b) statement will be deemed waived.

*Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (internal quotation marks, brackets, and citations omitted). "If the judge entering the order giving rise to the

notice of appeal [] desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal[.]" Pa.R.A.P. 1925(b). Further,

> [t]he judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. . . . In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*.

Pa.R.A.P. 1925(b)(2)(i). Failure by counsel to file a timely Rule 1925(b) statement constitutes *per se* ineffectiveness. *See Commonwealth v. Burton*, 973 A.2d 428, 433 (Pa. Super. 2009).

> Additionally, our Supreme Court has expressly determined that

> an appellant who seeks an extension of time to file a Statement must do so by *filing a written* application with the trial court, setting out good cause for such extension, and requesting an order granting the extension. The failure to file such an application within the 21-day time limit set forth in Rule 1925(b)(2) will result in waiver of all issues not raised by that date.

*Commonwealth v. Gravely*, 970 A.2d 1137, 1145 (Pa. 2009) (emphasis in original).

In the instant matter, it is undisputed that on August 30, 2018, the trial court ordered Appellant to file a Rule 1925(b) statement within 21 days, warning that "[a]ny issue not properly included in the statement timely filed and served

7

pursuant to Pa. R.A.P. 1925(b) shall be deemed waived." Rule 1925(b) Order. The record also reveals that Appellant requested an extension to file his Rule 1925(b) statement within the 21 days allotted by the trial court for such filing, which request the trial court granted, extending the deadline for Appellant to file a Rule 1925(b) statement to October 10, 2018. *See* First Extension Request; Rule 1925(b) Extension Order. No other order appears on the trial court docket or in the original record indicating either that Appellant requested or the trial court granted a further extension to file a Rule 1925(b) statement prior to the expiration of the already-extended October 10, 2018 deadline.

In the Second Extension Request filed November 13, 2018, counsel for Appellant averred that his secretary failed to put the extended date for filing a Rule 1925(b) statement on his calendar and, as a result, he was unaware of the deadline. *See* Second Extension Request at 1-2 (pagination supplied). Counsel explained that he had prepared a request for an extension of time to file a Rule 1925(b) statement until after the filing of the trial transcript and thought the motion had been presented and granted.[10] *See id.* Counsel further explained that he only discovered and understood his error upon his receipt of the Transmittal Order on November 10, 2018, and that he filed the Second Extension Request shortly thereafter. *See id.* Upon reviewing the Second Extension Request, the trial court noted that Appellant had previously failed to file a timely Rule 1925(b) statement, that the matter had been appealed and the record transmitted, and that, as a result, the trial court lacked

---

[10] In addition to stating that he thought the trial court had granted the First Extension Request, presumably with the suggested language supplied in the proposed order filed therewith, *see supra* note 9, Appellant's counsel also suggested that the trial court *sua sponte* extended Appellant's deadline to file a Rule 1925(b) statement, which is incorrect. *See* Second Extension Request at 1-2.

8

jurisdiction to do anything other than transmit the filings to the appellate court, which it accordingly did. *See* Second Transmittal Order at 1-2 (pagination supplied).

Based on these facts, the issues purportedly raised in Appellant's Rule 1925(b) statement are waived. Appellant failed to timely file his Rule 1925(b) statement, despite being granted a requested extension. The unambiguous language of the Rule 1925(b) Extension Order makes unmistakably clear that the trial court had extended Appellant's deadline for filing his Rule 1925(b) statement to October 10, 2018, and no further. Neither counsel's failure to carefully review the requirements of the Rule 1925(b) Extension Order, nor his secretary's failure to properly calendar the extended date represent good cause to enlarge the time period for Appellant to file his Rule 1925(b) statement or the trial court's extension thereof. Appellant needed to make an additional written application to the trial court to further extend the deadline past October 10, 2018, and he failed to do so. As a result, Appellant's issues are waived on appeal. *See Gravely*; *Castillo*; Pa. R.A.P. 1925(b).

Ordinarily, waiver of issues on appeal requires an appellant to seek restoration of his direct appeal rights through the prosecution of an action under the Post-Conviction Relief Act.[11] However, because failure to timely file a Rule 1925(b) statement pursuant to a trial court's order represents *per se* ineffectiveness,[12] appellate courts may remand such cases for the filing of a Rule 1925(b) statement *nunc pro tunc* and the filing of a Rule 1925(a) opinion by the trial court. *See* Pa. R.A.P. 1925(c)(3);[13] *Commonwealth v. West*, 883 A.2d 654, 657 (Pa. Super. 2005)

---

[11] 42 Pa.C.S. §§ 9541-9546.

[12] *See Burton*, 973 A.2d at 433.

[13] Pennsylvania Rule of Appellate Procedure 1925(c)(3) provides:

9

("Where counsel has failed to file a substantive Concise Statement, the most effective means of restoring the defendant's appellate rights is to remand for counsel to file a Concise Statement."); *see also* Pa. R.A.P. 1925 Comment. Therefore, because the failure to timely file a Rule 1925(b) statement constitutes *per se* ineffectiveness on the part of Appellant's counsel, we remand the matter to the trial court to allow the *nunc pro tunc* filing of a Rule 1925(b) statement by Appellant and the preparation and filing of an opinion by the trial court thereon. Pa. R.A.P. 1925(c)(3).[14]

For these reasons, we remand this matter to the trial court to allow Appellant to file a Rule 1925(b) statement *nunc pro tunc*, and for the trial court to issue a Rule 1925(a) opinion thereon.

_____
CHRISTINE FIZZANO CANNON, Judge

---

> If an appellant represented by counsel in a criminal case was ordered to file a [Rule 1925(b) s]tatement and failed to do so or filed an untimely [s]tatement, such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did not file an opinion, the appellate court may remand for appointment of new counsel, the filing of a [Rule 1925(b) s]tatement *nunc pro tunc*, and the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3).

[14] We appreciate that Appellant filed a comprehensive Concise Statement of Errors Complained of On Appeal on November 13, 2018. However, because Rule 1925(c)(3) does not require that a previously untimely-filed Rule 1925(b) statement need be the statement submitted to the trial court for *nunc pro tunc* consideration on remand, we decline simply to direct that the trial court accept Appellant's previously filed statement for consideration on appeal. *See* Pa. R.A.P. 1925(c)(3).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania      :
                                  :
            v.                    :
                                  :
John M. DeMaske,                  :      No. 770 C.D. 2019
                  Appellant       :

O R D E R

AND NOW, this 4th day of January, 2022, the above-referenced matter is REMANDED to the Court of Common Pleas of Greene County (trial court) to allow John M. DeMaske (Appellant) to file, *nunc pro tunc*, a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), and for the trial court to issue an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), as directed.

On remand, Appellant shall file a *nunc pro tunc* concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) within 10 days of the date of this order, and the trial court shall issue an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), as directed. Within 60 days of the date of this order, the trial court shall transmit the record, including Appellant's Pennsylvania Rule of Appellate Procedure 1925(b) concise statement of errors complained of on appeal and the trial court's Pennsylvania Rule of Appellate Procedure 1925(a) opinion, to this Court.

Jurisdiction retained.

_____
CHRISTINE FIZZANO CANNON, Judge