J-A13027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| K.A.Y., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| W.L.E., | |
| Appellant | No. 1779 WDA 2014 |

Appeal from the Order Dated September 22, 2014
In the Court of Common Pleas of Venango County
Domestic Relations at No(s): CIV No. 1154-2010

BEFORE:  PANELLA, SHOGAN, and OTT, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JUNE 22, 2015**

W.L.E. ("Father") appeals from the custody order dated September 22, 2014, and entered on September 29, 2014, that continued the parties' shared legal custody of their son, W.T.E. ("Child"), born in July of 2008, and awarded primary physical custody of Child to K.A.Y. ("Mother").  The trial court awarded partial physical custody of Child to Father, in accordance with a schedule.  Following our thorough review of the record and applicable law, we are constrained to conclude that Father has waived all of his issues on appeal pursuant to *J.P. v. S.P.*, 991 A.2d 904 (Pa. Super. 2010).  Thus, we affirm and dismiss Father's petition for modification of the record as moot.

The parties were married in February of 2008.  On August 3, 2010, Mother filed a complaint in divorce that included a count seeking shared legal and primary physical custody of Child.  The trial court granted the

divorce in June of 2011. Pursuant to a prior order entered on September 13, 2011, the parties shared legal and physical custody of Child.

On February 14, 2013, Father filed a petition for modification of the existing custody order, and on March 11, 2014, Mother filed a petition to modify custody. Father filed a petition for contempt on July 21, 2014, followed by two amendments to his modification petition on August 14, 2014. A custody trial ensued on August 18 and 19, 2014. The trial court entered the order on appeal, granting primary physical custody to Mother, on September 29, 2014.

On October 27, 2014, Father filed a timely notice of appeal. Father failed to file a concise statement of errors complained of on appeal as required by Pa.R.A.P. 1925(a)(2)(i) and (b). On November 7, 2014, the trial court entered an order providing that the "failure to file a concise statement along with the notice of appeal does not have to automatically result in waiver of the issue for appeal." Order, 11/7/14 (citing **J.M.R. v. J.M.**, 1 A.3d 902, 906 (Pa. Super. 2010)). That order further provided:

> Appellant is hereby directed to file of record with the court and to serve on this Judge pursuant to Rule 1925(b)(1), a concise statement of the matters complained of on appeal **no later than five (5) days after the entry of this Order**. Any issue not properly included in the statement **timely** filed and served pursuant to Subdivision (b) of Rule 1925 **shall be deemed waived**.

Trial Court Order, 11/7/14 (emphasis added).

The trial court's docket indicates that the trial court provided notice to all parties' counsel pursuant to Pa.R.C.P. 236 also on November 7, 2014. Thus, Father was required to file a concise statement in the trial court no later than Wednesday, November 12, 2014.[1] Father did not file a concise statement until November 13, 2014. It is apparent that Father failed to comply with the deadline established by the trial court in its November 7, 2014 order.[2]

In **In re K.T.E.L.**, 983 A.2d 745, 747 (Pa. Super. 2009), a panel of this Court addressed an appeal from a decree involuntarily terminating a mother's parental rights to her child. This Court, in addressing the 2009 amendments to Pa.R.A.P. 905 and Pa.R.A.P. 1925, explained that the amendments included new subsections, applicable only to children's fast track cases, that require the contemporaneous filing of the concise statement of errors complained of on appeal with the notice of appeal. **In**

_____

[1] While November 11, 2014, was Veteran's Day, a court holiday, that date was the fourth day of the five-day period, not the last day. Thus, 1 Pa.C.S. § 1908 did not apply to extend the period. **See** 1 Pa.C.S. § 1908 (providing that "[w]henever the **last** day of any such period shall fall on . . . any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.") (emphasis added).

[2] On April 23, 2014, Father filed a Petition for Modification of the Record, along with a Statement of Errors in Trial Court Transcript, and a transcript of Appellant's Voicemail Exhibit in this Court. Father's petition and accompanying documents do not pertain to his late-filed concise statement.

*re K.T.E.L.*, 983 A.2d at 747 (explaining the amendments at Pa.R.A.P. 905(a)(2) and 1925(a)(2)(i)).

Rule 905(a)(2) provides, in pertinent part, that "[i]f the appeal is a children's fast track appeal, the concise statement of errors complained of on appeal as described in Rule 1925(a)(2) **shall** be filed **with** the notice of appeal and served in accordance with Rule 1925(a)(2)(1)." Pa.R.A.P. 905(a)(2) (emphasis added). Rule 1925(a)(2)(i) provides: "The concise statement of errors complained of on appeal **shall** be filed and served **with** the notice of appeal as required by Rule 905. **See** Pa.R.A.P. 905(a)(2)." Pa.R.A.P. 1925(a)(2)(i) (emphasis added).

The **K.T.E.L.** Court ruled that an appellant's failure to comply with Rule 905(a)(2) by failing to contemporaneously file the notice of appeal and concise statement had no effect on this Court's jurisdiction; rather, the compliance failure resulted in a defective appeal. *In re K.T.E.L.*, 983 A.2d at 747. We noted, however, that in both civil and criminal cases, the failure of an appellant to file a timely concise statement pursuant to Pa.R.A.P. 1925(b) in accordance with a court order, which is discretionary, results in the waiver of all issues. *In re K.T.E.L.*, 983 A.2d at 747 (citing *Commonwealth v. Gravely*, 970 A.2d 1137, 1142 (Pa. 2009), and *Commonwealth v. Castillo*, 888 A.2d 775, 778 (Pa. 2005)). In contrast, in children's fast track cases, the filing of the concise statement is

"mandated by a rule of appellate procedure," not an order of court. *In re K.T.E.L.*, 983 A.2d at 747 n.1. For that reason, we held as follows:

> Accordingly, as there is no *per se* rule requiring quashal or dismissal of a defective notice of appeal, we hold that in the instant case and henceforth, the failure of an appellant in a children's fast track case to file contemporaneously a concise statement with the notice of appeal pursuant to rules 905(a)(2) and 1925(a)(2), [sic] will result in a defective notice of appeal. The disposition of the defective notice of appeal will then be decided on a case by case basis . . . .

*Id*. at 747.

Subsequently, in *J.P. v. S.P.*, 991 A.2d 904, filed after the effective date of the amendments to Rules 905 and 1925, a panel of this Court addressed the timeliness of a mother's appeal from a custody order. There, because the mother failed to file a concise statement contemporaneously with her notice of appeal, the trial court ordered her to do so within twenty-one days. The mother filed the concise statement on the twenty-second day. Importantly, the panel noted that although the mother mailed her concise statement within the twenty-one-day period, the trial court did not receive it until the twenty-second day. This Court stated:

> Herein, the operative date to determine timeliness was the date the trial court **received** [the mother's] Rule 1925(b) statement and not the date it was mailed. *See* Pa.R.C.P. 205.1 (although legal papers may be mailed to prothonotary for filing, "[a] paper sent by mail shall not be deemed filed until received by the appropriate officer.").

*J.P.*, 991 A.2d at 906 n.1 (emphasis in original).

- 5 -

The panel in *J.P.*, citing *In re K.T.E.L.*, observed that although the mother failed to file the concise statement contemporaneously with her notice of appeal, it declined to find her issues waived for a violation of the contemporaneous filing requirement. *J.P.*, 991 A.2d at 908. Rather, the panel noted a second procedural issue, in that the mother failed to comply with the trial court's order to file a concise statement within twenty-one days. The panel stated:

> Unlike the reasoning underlying our rationale in *K.T.E.L.*, relating to violations of procedural rules, an appellant's failure to comply with an order to file a Rule 1925(b) statement in a timely manner constitutes waiver of all objections to the order, ruling, or other matter complained of on appeal. *See Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998); [*Commonwealth v. Castillo*, 888 A.2d 775 (Pa. 2005)]. This waiver applies to family law cases. *In re L.M.*, 923 A.2d 505, 509 (Pa. Super. 2007).

*J.P.*, 991 A.2d at 908.

This Court set forth the following procedure which could excuse a late-filed concise statement in a children's fast track appeal where, as here, the statement was court-ordered:

> In civil cases, Rule 1925(b) implicates the notice procedures set forth in Pa.R.C.P. 236, which involves the following steps: (1) the court must order the Rule 1925(b) statement; (2) the order must be filed with the prothonotary; (3) upon receipt of an order from a judge, the prothonotary must immediately docket the order and record in the docket the date it was made; and (4) the prothonotary must furnish a copy of the order to each party or attorney and must record in the docket the giving of notice. *See* Pa.R.C.P. 236; *Forest Highlands Community Ass'n v. Hammer*, 879 A.2d 223, 227 (Pa. Super. 2005). If any one of these procedural steps is

missing, the appellant's failure to comply with Rule 1925(b) will
not result in waiver of the issues raised. **Id**.

**J.P.**, 991 A.2d at 908. The **J.P.** Court found that because the notice

procedure had been strictly followed therein, the mother's issues were

waived pursuant to **Lord** and its progeny.

In **J.M.R. v. J.M.**, 1 A.3d 902, cited by the instant trial court in its

November 7, 2014 order, this Court addressed a father's appeal from a

custody order, where the father timely filed a notice of appeal but failed to

contemporaneously file a concise statement as required by Pa.R.A.P. 905

and 1925(a)(2)(i). On October 13, 2009, this Court entered a *per curiam*

order directing him to file a concise statement by October 23, 2009. The

father failed to timely comply with our order, and instead filed his concise

statement on November 2, 2009. Discussing **In re K.T.E.L.**, we declined to

find that the father waived his issues on appeal for failing to comply with the

contemporaneous filing requirement. **J.M.R.**, 1 A.3d at 906. However,

noting the father's failure to comply with this Court's order directing him to

file a concise statement by October 23, 2009, we concluded that the

rationale in **J.P.** should be extended to include the failure to file a concise

statement in compliance with an order of this Court. We held:

> When an appellant henceforth fails to comply with a directive of
> this Court to file a Concise Statement, any claims on appeal shall
> be deemed waived pursuant to **Castillo**. However, in the
> present matter, since at the time [the father] had filed his notice
> of appeal, this Court had yet to address this precise scenario, we
> will proceed to address [the father's] claims on appeal.

***J.M.R.***, 1 A.3d at 907.

The instant matter is squarely controlled by our holding in ***J.P.*** First, Father failed to contemporaneously file his notice of appeal and concise statement. The trial court, on November 7, 2014, ordered the filing of the concise statement within five days of its order; the order was filed with the prothonotary; upon receipt of the order from the judge, the prothonotary immediately docketed the order and recorded in the docket the date it was made; and the prothonotary furnished a copy of the order to each party or attorney, and recorded in the docket the giving of notice. ***See J.P.***, 991 A.2d at 908 (citing ***Forest Highlands Community Ass'n***, 879 A.2d at 227, and Pa.R.C.P. 236).

The trial court time-and-date stamped Father's concise statement on November 13, 2014, and entered the document on the docket on November 13, 2014. We find that Father's failure to file the concise statement contemporaneously with the notice of appeal did not prejudice any party, nor did any party file a motion to quash or otherwise object to the late filing of the document. Thus, we decline to find waiver on the basis of Father's failure to contemporaneously file the concise statement. ***J.P.***, 991 A.2d at 908; ***In re K.T.E.L.***, 983 A.2d at 747.

However, Father's failure to file the concise statement within five days of the trial court's entry of its order on November 7, 2014, as directed by the trial court, is another matter. The certificate of service attached to Father's

concise statement indicates that the document was placed into the United States first class mail on November 12, 2014. There is no indication that the concise statement was hand-delivered or otherwise filed in the trial court on November 12, 2014. As this Court stated in **J.P.**, the operative date to determine timeliness is the date the trial court **received** the concise statement, **not the date it was mailed**. **J.P.**, 991 A.2d at 906 n.1. It was received and docketed on November 13, 2014.

Accordingly, we are constrained by our case law to conclude that Father, by failing to comply with the trial court's November 7, 2014 order directing him to file a concise statement within five days of the entry of the order, waived all issues on appeal.

Order affirmed; Father's petition for correction of original record is dismissed as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2015

- 9 -