J-S72037-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
:                 PENNSYLVANIA
Appellee :
:
v. :
:
GINA A. MURPHY, :
:
Appellant : No. 246 MDA 2016

Appeal from the PCRA Order December 9, 2015,
in the Court of Common Pleas of Dauphin County,
Criminal Division at No(s): CP-22-CR-0000907-2013

BEFORE: GANTMAN, P.J., DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED DECEMBER 16, 2016**

Gina A. Murphy (Appellant) appeals *pro se* from the order that dismissed her petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Upon review, we affirm.

On July 17, 2014, Appellant pled guilty to third-degree murder, tampering with physical evidence, false swearing, and unsworn falsification to authorities stemming from the shooting death of her ex-husband. She was sentenced on January 23, 2015, to an aggregate term of imprisonment of 12½ to 25 years. Appellant did not file post-sentence motions or a direct appeal.

On May 6, 2015, Appellant *pro se* timely filed a PCRA petition. Counsel was appointed and, on August 4, 2015, counsel filed a petition to withdraw and no-merit letter pursuant to ***Commonwealth v. Turner***, 544

*Retired Senior Judge assigned to the Superior Court.

A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On November 10, 2015, the PCRA court sent notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On December 9, 2015, the PCRA court, without ruling on counsel's petition to withdraw, dismissed the petition.

On December 30, 2015, Appellant *pro se* timely filed a notice of appeal to this Court.[1] On February 11, 2016, the PCRA court issued an order granting counsel's petition to withdraw. By order dated March 1, 2016, the PCRA court directed Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). On April 12, 2016,

---

[1] Generally, our courts will not entertain *pro se* filings while an appellant remains represented, and such filings have been described as legal nullities. *See Commonwealth v. Ali*, 10 A.3d 282, 293 (Pa. 2010). However, *pro se* notices of appeal present a special case. In *Commonwealth v. Cooper*, 27 A.3d 994 (Pa. 2011), our Supreme Court held that a *pro se* notice of appeal, filed while Cooper was represented by counsel, was not automatically a legal nullity, but was simply "premature." *Id.* at 1007. Moreover, this Court and our Supreme Court have faced *pro se* notices of appeal filed by represented appellants both before and after *Cooper*, and we have not considered this defect to be fatal. *See, e.g., Commonwealth v. Wilson*, 67 A.3d 736, 738 (Pa. 2013) (explaining that "[Wilson] filed a *pro se* notice of appeal; it is not clear why his court-appointed counsel did not file the notice," and proceeding to review the merits of Wilson's case without further discussion); *Commonwealth v. Robinson*, 970 A.2d 455, 457 (Pa. Super. 2009) (remanding for a *Grazier* hearing where, after the denial of Robinson's counseled petition pursuant to the Post Conviction Relief Act, Robinson filed a timely *pro se* appeal and a petition requesting that he be allowed to proceed *pro se*, and the PCRA court entered an order permitting counsel to withdraw without conducting a proper colloquy on Robinson's request and without the proper procedure for counsel's withdrawal having been followed). Thus, we will not treat Appellant's *pro se* notice of appeal as a nullity, particularly given the PCRA court's subsequent order permitting Appellant's counsel to withdraw.

Appellant filed a "Petition to Order Production of [PCRA] Petition and Extension of Time," wherein she requested the PCRA court order that a copy of her PCRA petition be provided to her; stated that she filed a motion with the PCRA court on March 8, 2016, requesting an extension of time to file her concise statement; and requested that the court grant the March 8, 2016 motion, as she could not prepare a concise statement without a copy of her PCRA petition. Petition to Order Production of [PCRA] Petition and Extension of Time, 4/12/2016, at 1-2 (unnumbered).

On April 21, 2016, the PCRA court issued a statement in lieu of a memorandum opinion stating that, for purposes of appellate review, the reasons for dismissing Appellant's PCRA petition were discussed in its Rule 907 notice. The PCRA court also noted that Appellant did not file, "of record," a concise statement as ordered, but that Appellant did send a "courtesy" copy of the "'Motion to Extend Time to Perfect Appeal' requesting additional time to file a concise statement." Statement in Lieu of Memorandum Opinion, 4/21/2016 at page 1 (unnumbered) n.1. The PCRA court further explained that "said Motion was never filed of record."[2] *Id.*

---

[2] In her reply brief to this Court, Appellant attached a "Motion to Extend Time to Perfect Appeal Concise Statement," which she claims was mailed to the PCRA court on March 8, 2016. We presume this is the document the PCRA court refers to above. There is no entry in the PCRA court docket that relates to this document, and the document is not in the certified record. We further note that the PCRA court made no mention of Appellant's April 12, 2016 filing.

On or about May 2, 2016, Appellant filed with both this Court and the PCRA court another "Motion to Extend Time to Perfect Appeal." She also filed with both courts a "Motion to Compel Lower Court to Provide Documents," which requested that this Court compel the PCRA court to provide her with her PCRA petition and "any documents that would pertain to her perfecting her appeal." In response, this Court granted Appellant another extension of time to file her brief and provided Appellant with a copy of her PCRA petition. Appellant ultimately filed a concise statement with the PCRA court and her brief with this Court.[3]

On appeal, Appellant presents the following issues for our consideration:

1. Whether the attorney erred in not properly advising and preparing [Appellant] regarding her plea agreement. Attorney did not show [Appellant] one piece of paper pertaining to her case to include discovery, police interviews, list of charges or plea offer at any time leading up to her incarceration, during her 25 months incarcerated at Dauphin County Prison or after her sentencing.

---

Additionally, on March 11, 2016, Appellant filed with this Court a "Motion to Extend Time to Perfect Appeal," wherein Appellant requested that this Court "grant an extension of time in which to file the points and the case on appeal." Motion to Extend Time to Perfect Appeal, 3/11/2016. The accompanying certificate of service states that Appellant served the filing on the PCRA court on March 8, 2016. Treating Appellant's request as an application for an extension of time to file a brief, this Court granted the request on March 14, 2016.

[3] On August 5, 2016, Appellant filed a "Request to Motion Dauphin County Courthouse to Obtain Prisoners Record of Legal Mail Log, Legal Visit Log and List of Any Paperwork Exchanged at Legal Visits from Dauphin County Prison," which was denied. Order, 8/11/2016.

2. Whether the attorney erred in not recognizing that [Appellant] was not knowing and intelligent to make decisions based on her own case as to what her best options are for trial vs. plea because she was trusting and compliant in never asking questions regarding her case due to her inability to speak for herself caused by extreme Post Traumatic Stress Disorder [(PTSD)] stemming from her being a "battered spouse" as well as living a life of sexual, emotional and verbal abuse.

3. Whether the attorney erred in not using witnesses given, family, friends and co-workers to establish the relationship between [Appellant] and the victim to show his abusive and drunken past as well as to establish [Appellant's] PTSD and a life of abuse to use as mitigating circumstances for sentencing purposes in order to aid the judge.

Appellant's Brief at 4-5 (unnecessary capitalization omitted).

Before we address Appellant's issues, we must determine if they are preserved properly. Here, Appellant did not file timely a Rule 1925(b) statement, as she filed it with the PCRA court in June. In general, issues raised in an untimely-filed Pa.R.A.P. 1925(b) statement are waived. **_See_** **_Commonwealth v. Gravely_**, 970 A.2d 1137, 1142 (Pa. 2009) ("[I]t is clear that an untimely Statement results in waiver of appellate review, regardless of the treatment the trial court affords the matter."). Nevertheless, Appellant did file with the PCRA court a request for an extension of time to file a concise statement on April 12, 2016. In this regard, our Supreme Court observed as follows in **_Gravely_**:

From this date forward, an appellant who seeks an extension of time to file a Statement must do so by filing a written application with the trial court, setting out good cause for such extension, and requesting an order granting the extension. The failure to file such an application within the 21-day time limit set forth in

Rule 1925(b)(2) will result in waiver of all issues not raised by that date.

*Id.* at 1145 (emphasis omitted).

Appellant did not file of record her request for an extension of time to file a statement with the PCRA court until April 12, 2016, which was well beyond the 21-day time limit set in the court's March 1, 2016 order.[4] Moreover, because the "Motion to Extend Time to Perfect Appeal Concise Statement" attached to her Reply Brief to this Court is not in the certified record, we may not consider it. *See Commonwealth v. Preston*, 904 A.2d 1, 6 (Pa. Super. 2006) (explaining that "matters which are not of record cannot be considered on appeal" and that "an appellate court is limited to

---

[4] The PCRA court ordered Appellant to file her Rule 1925(b) statement "within twenty-one (21) days after entry of this order." Order, 3/1/2016. "In a criminal case, the date of entry of an order is the date the clerk of courts enters the order on the docket, furnishes a copy of the order to the parties, and records the time ... of notice on the docket." *Commonwealth v. Parks*, 768 A.2d 1168, 1171 (Pa. Super. 2001) (emphasis omitted) (quoting *Commonwealth v. Jerman*, 762 A.2d 366, 368 (Pa. Super. 2000); *see also* Pa.R.Crim.P. 114. Thus, the PCRA court's order was entered on March 2, 2016, giving Appellant until March 23, 2016, to file timely her concise statement.

We further note that although the date on her April 12, 2016 filing is March 22, 2016, she has not provided any documentation establishing that she would benefit from application of the prisoner mailbox rule. *See Commonwealth v. Wilson*, 911 A.2d 942, 944 n.2 (Pa. Super. 2006) ("Pursuant to the 'prisoner mailbox rule," a document is deemed filed when placed in the hands of prison authorities for mailing."); *see also Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997) (setting forth various types of evidence a prisoner can present to avail himself or herself of the prisoner mailbox rule, including a postal form, cash slip, affidavit, or "any reasonably verifiable evidence of the date that the prisoner deposits the [filing] with the prison authorities").

considering only the materials in the certified record when resolving an issue"). Finally, although Appellant filed a "Motion to Extend Time to Perfect Appeal" with this Court, which was apparently served on the PCRA court on March 8, 2016, we conclude that this is insufficient to constitute a proper request for an extension of time to file a concise statement with the PCRA court. Indeed, such request was not filed of record with the PCRA court, nor did Appellant set out good cause for the extension therein. Thus, we conclude that Appellant has waived her issues for failing to comply with Pa.R.A.P. 1925.

Even assuming *arguendo* that Appellant had not waived her issues on appeal for failure to comply with Rule 1925(b), she would not be entitled to relief. This Court's standard of review regarding an order dismissing a PCRA petition is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. ***Commonwealth v. Donaghy***, 33 A.3d 12, 15 (Pa. Super. 2011).

With respect to Appellant's first issue, relating to counsel's alleged ineffectiveness in advising her with respect to the entry of her guilty plea, we note that counsel is presumed to be effective. ***Commonwealth v. Simpson***, 112 A.3d 1194, 1197 (Pa. 2015). To prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must prove each of the following: "(1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the

petitioner was prejudiced—that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different." ***Id.***

> Ineffective assistance of counsel claims arising from the plea-bargaining process are eligible for PCRA review. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

> > The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, ... under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the manifest injustice standard applicable to all post-sentence motions to withdraw a guilty plea.

> A valid guilty plea must be knowingly, voluntarily and intelligently entered. The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement. This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1012-13 (Pa. Super. 2016) (internal quotation marks and citations omitted).

In support of her first issue, Appellant argues that her plea counsel was ineffective in failing to show her any paperwork pertaining to her case and to discuss all information, challenges, and issues with her prior to the entry of her plea. Appellant's Brief at 13-14. Appellant argues that, being a victim of a lifetime of abuse, she was unable to assert herself and trusted counsel to represent her best interests. *Id.* at 13. Although included in the argument supporting her second issue on appeal, Appellant further contends that (1) neither counsel nor "anyone else" informed her "as to what the actual charge of [m]urder in the … third degree meant" and that she was not informed properly of the elements of the crimes to which she was pleading guilty, (2) counsel led her to believe that she would receive a sentence significantly less than the one she received, (3) counsel did not tell her "that there would have to be a Presentence Report written or that there w[as] any sort of minimum time guidelines" and at no time mentioned the term "open plea," (4) she never saw or discussed any information about her case with counsel other than the day he came to present the plea agreement, and (5) counsel did not explain to her that she had 10 days from the date of her guilty plea to withdraw the plea and for what reasons she could do so. *Id.* at 15-16.

The record belies Appellant's contention that her plea was induced by counsel's ineffectiveness and instead supports a conclusion that her plea was knowing, intelligent, and voluntary. In this regard, the PCRA court explained as follows:

> The transcripts from the guilty plea hearing indicate that [Appellant] 1) understood the misdemeanor charges being brought against her, 2) understood the charge of murder (which includes first degree murder or third degree murder), 3) understood the maximum sentence of third degree murder, 4) understood that the court has the option to run the sentences either concurrently or consecutively, 5) understood that by pleading guilty, she is giving up the possibility of a jury trial or a judge trial, 6) understood that by pleading guilty she is giving up her rights of the Commonwealth having the burden of proving her guilty beyond a reasonable doubt, the right to confront witnesses, the right to present a defense, and to testify on her behalf, and 7) understood her rights of appeal.
>
> [Appellant] further indicated that she was entering the guilty plea voluntarily, that no one has threatened her in any way, that no one has made any promises to her other than the agreement to setting the degree of homicide at third degree murder, that the plea agreement is not binding on the court unless the court accepts it, and that the charges against her are contained in a document called a criminal information. [Appellant] understood the nature of the charges brought against her. [Appellant] understood the factual basis for the plea as indicated by the grand jury presentment. The court asked [Appellant] if she had "any questions at all for the DA or your counsel at all" and whether she understood everything. [Appellant] responded that she did not have any questions and that she understood everything. Finally, the court found that the guilty plea was entered knowingly, intelligently, and voluntarily.

Rule 907 Notice, 11/10/2015, at 4-5 (unnecessary capitalization and citations omitted).

The PCRA court's findings are supported by the record. ***See*** N.T., 7/17/2014, at 2-13. We emphasize that Appellant affirmed that she "read and understood" the criminal information "in its entirety" and "underst[ood] the nature and elements of the charges as outlined in th[e] criminal information." ***Id.*** at 8-9. She further represented that she understood that the entire grand jury presentment would be the factual basis for her guilty plea and that she read and understood the document in its entirety. ***Id.*** at 9-10. She was informed of and confirmed that she understood the maximum sentences she could receive for her crimes, and she indicated that she reviewed the sentencing guidelines with counsel in this case. ***Id.*** at 2-3, 11-12. Appellant stated that she understood that the guidelines are not binding on the court in imposing sentence, that the court had the option of running her sentences concurrently or consecutively, and that "this is an open plea of guilty to third degree murder and the three misdemeanors, and the Judge will decide within the statutory maximums what the sentence will be." ***Id.*** at 4, 8, 12.

Additionally, Appellant said no when asked if "anybody threatened [her] in any way to get [her] to plead guilty other than with the continued prosecution if [she] didn't plead guilty" and if "anybody made any promises to [her] other than agreement to setting the degree of homicide at third degree murder to get [her] to plead guilty." ***Id.*** at 7-8. Moreover, when the trial court stated, "I'm sure you talked about this with your counsel. Do you

have any questions at all for the [Commonwealth] or your counsel at all?," Appellant said no and offered no comment with respect to counsel's discussions with her.[5] *Id.* at 12.

Based on the totality of the circumstances as outlined above, and mindful that "[a] person who elects to plead guilty is bound by the statements [s]he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements [s]he made at his plea colloquy," *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011), Appellant has failed to convince us that she entered her plea as a result of counsel's ineffectiveness. *Commonwealth v. Miner*, 44 A.3d 684, 688 (Pa. Super. 2012) ("It is an appellant's burden to persuade us that the PCRA court erred and that relief is due."). Rather,

---

[5] Regarding Appellant's claim that counsel did not inform her that she had 10 days to withdraw her plea and the reasons she could assert for withdrawal, this Court has held that

> [k]nowledge of the procedural aspects of the right to withdraw the plea does not bear upon whether it was voluntary in the first instance. If the colloquy properly informs the defendant of the rights he is waiving by virtue of the plea, and the defendant knows his sentence, the guilty plea is not involuntary or unknowing simply because the court failed to inform the defendant beforehand of the standard that would apply to a petition to withdraw the plea. In other words, the integrity of a defendant's plea remains intact even if the court failed to inform the defendant of how, when, or under what circumstances the plea could be withdrawn.

*Commonwealth v. Prendes*, 97 A.3d 337, 352-53 (Pa. Super. 2014) (internal quotation marks and citations omitted). Thus, Appellant's claim in this regard is without merit.

we agree with the PCRA court that the record establishes that her plea was knowing, voluntary, and intelligent. As Appellant's attempt to invoke allegations of plea counsel's ineffectiveness in order to withdraw her plea is unavailing, no relief is due.

Appellant's second issue states that her counsel was ineffective for

not recognizing that [she] was not knowing and intelligent to make decisions based on her own case as to what her best options are for trial vs. plea because she was trusting and compliant in never asking questions regarding her case due to her inability to speak for herself caused by extreme [PTSD] stemming from her being a "battered spouse" as well as living a life of sexual, emotional, physical and verbal abuse.

Appellant's Brief at 15. Appellant, however, did not include an ineffectiveness claim relating to counsel's failure to recognize her alleged incompetence to enter a plea in her PCRA petition. Thus, in addition to our finding Rule 1925(b) waiver, Appellant's claim is waived on this basis as well. *See Commonwealth v. Williams*, 899 A.2d 1060, 1066 n.5 (Pa. 2006) ("Appellant did not raise these issues in his PCRA petition, so they are waived.").

In her third issue, Appellant argues that her counsel was ineffective for failing to use witnesses to establish the relationship between Appellant and the victim to show the victim's abusive and drunken past as well as to establish Appellant's PTSD and life of abuse to use as mitigating evidence for sentencing purposes. Appellant claims that counsel failed "to admit testimony from witnesses, family, friends and co-workers to establish history

- 13 -

and a basis for proving [Appellant] was a victim of psychological and physical abuse." Appellant's Brief at 17. She further argues that counsel erred in excluding testimony from those witnesses and expert testimony as it relates to "battered women's syndrome" and helping explain her state of mind and the reasonableness of her fear at the time of the murder. *Id.* at 17-19.

With respect to ineffectiveness claims regarding the failure to investigate or call a witness, a petitioner must prove that

> (i) the witness existed; (ii) the witness was available to testify; (iii) counsel knew of, or should have known of, the existence of the witness; (iv) the witness was willing to testify; and (v) the absence of the testimony was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Pander*, 100 A.3d 626, 639 (Pa. Super. 2014).

Upon review, we conclude that Appellant has failed to establish prejudice. At sentencing, counsel called Danielle Murphy, one of the daughters of Appellant and the victim, who testified to the victim's violence and alcohol abuse. N.T., 1/23, 2015, at 90. Counsel also called Oren Kauffman, a friend and former coworker of Appellant, who stated that Appellant would tell him about the victim's drinking and the couple's issues, and he discussed witnessing one interaction where the victim had been drinking and became "a little overbearing" and was "getting in people's faces." *Id.* at 94-96.

Additionally, counsel offered the testimony and report of Dr. Frank Dattilio, a clinical and forensic psychologist, as an expert at sentencing. Dr. Dattilio stated that he had experience dealing with matters that involve PTSD, "battered woman syndrome," and alcohol and substance abuse within families. *Id.* at 102. In evaluating Appellant, Dr. Dattilio performed various assessments of Appellant, conducted collateral interviews with family members, and reviewed background materials and certain materials relating to the criminal matter herein. *Id.* at 103-105, 122. Dr. Datillio testified to Appellant's history leading up to and including the incident at issue, which included discussion of the victim's alcohol abuse, aggression, and his abuse of Appellant, as well as the abuse Appellant suffered as a child from her mother and stepfather. *Id.* at 107-27. Dr. Datillio also testified that Appellant suffers from PTSD, "that she is a passive dependent type of individual" with "depression and anxiety, a low self-esteem, [and] sadomasochistic tendencies," and that her actions were "characteristic of battered individuals." *Id.* at 127-31.

Appellant has failed to indicate how, in light of the evidence that was offered, additional testimony relating to the victim's abusive and drunken past, Appellant's PTSD and life of abuse, and the implications of battered women's syndrome in this case would have led to a different outcome. *See Commonwealth v. Miner*, 44 A.3d 684, 688 (Pa. Super. 2012) ("It is an

appellant's burden to persuade us that the PCRA court erred and that relief is due."). Thus, her final ineffectiveness claim fails.

Based on the foregoing, Appellant is not entitled to post-conviction relief. Accordingly, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2016