J-S59006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                      :            PENNSYLVANIA
           Appellee         :
                                        :
           v.                 :
                                        :
BEVERLY BRYANT            :
                                        :
           Appellant        :          No. 2445 EDA 2017

Appeal from the Judgment of Sentence June 2, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0009384-2016

BEFORE:  GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:          **FILED JANUARY 08, 2019**

Appellant, Beverly Bryant, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following her jury trial convictions for intimidating a witness or victim, criminal use of a communication facility, terroristic threats, and possession of an instrument of crime ("PIC").[1]  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts of this case.  Therefore, we have no need to restate them.  Procedurally, on March 22, 2017, the jury convicted Appellant of one count each of intimidating a witness or victim, criminal use of a communication facility, terroristic threats, and PIC.  The court sentenced Appellant on June 2, 2017,

_____

[1] 18 Pa.C.S.A. §§ 4952(a)(3), 7512(a), 2706(a)(1), and 907(a), respectively.

to an aggregate term of six (6) to twenty-three (23) months' incarceration, plus two (2) years' probation. On June 12, 2017, new counsel entered an appearance on Appellant's behalf "for the duration of post-trial motions." (Entry of Appearance, filed 6/12/17). That same day, Appellant filed a timely post-sentence motion, which the court denied on June 16, 2017.

On July 11, 2017, counsel filed a motion to withdraw. The court denied counsel's motion in an order entered July 20, 2017, which provides as follows: "And NOW this 20th day of July, 2017, IT IS HEREBY ORDERED that defense counsel's motion to withdraw is DENIED. Counsel must preserve [Appellant]'s right to file a direct appeal prior to withdrawal. Appointment of appellate counsel will be considered thereafter." (Order, entered 7/20/17). Appellant filed a counseled notice of appeal on July 27, 2017.

On August 8, 2017, this Court issued a rule to show cause why the appeal should not be quashed as untimely. On August 23, 2017, the court permitted trial counsel to withdraw and appointed new appellate counsel on August 24, 2017. This Court issued on August 24, 2017, a second rule to show cause why the appeal should not be quashed as untimely. On September 1, 2017, Appellant filed a show cause response, explaining a breakdown in the operations of the court caused Appellant to file her notice of appeal out of time. On September 13, 2017, this Court issued a *per curiam* order referring the issue of the timeliness of Appellant's notice of appeal to the merits panel.

On October 30, 2017, the trial court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied on November 11, 2017. On March 9, 2018, Appellant filed a supplemental Rule 1925(b) statement without leave of court.

Appellant raises the following issues for our review:

> WAS THE EVIDENCE INSUFFICIENT TO SUPPORT THE GUILTY VERDICT FOR INTIMIDATION OF A VICTIM OR WITNESS AS APPELLANT'S WORDS WERE MERE NAME-CALLING AND NOT INTIMIDATION, AND NO VIDEO EXISTED PORTRAYING THE WITNESS AT THE COURTHOUSE?
>
> WAS THE EVIDENCE INSUFFICIENT TO SUPPORT THE GUILTY VERDICT FOR CRIMINAL USE OF COMMUNICATION FACILITY AS INSUFFICIENT EVIDENCE EXISTED, SUCH AS A VIDEO, THAT APPELLANT USED HER CELL PHONE TO FACILITATE THE COMMISSION OF ANY WITNESS INTIMIDATION?
>
> WAS THE EVIDENCE INSUFFICIENT TO SUPPORT THE GUILTY VERDICT FOR TERRORISTIC THREATS AS APPELLANT'S WORDS WERE MERE NAME-CALLING, WHICH WAS EVIDENCED BY [VICTIM] WHO LAUGHED AT APPELLANT?
>
> WAS THE EVIDENCE INSUFFICIENT TO SUPPORT THE GUILTY VERDICT FOR POSSESSION OF AN INSTRUMENT OF CRIME AS THE CELL PHONE WAS LAWFULLY POSSESSED BY APPELLANT UNDER CIRCUMSTANCES MANIFESTLY APPROPRIATE AND THERE WAS INSUFFICIENT EVIDENCE THAT THE CELL PHONE WAS POSSESSED WITH THE INTENT TO USE IT CRIMINALLY?
>
> WAS THE COMMONWEALTH'S FAILURE TO DISCLOSE AND TURN OVER TO THE DEFENSE THAT OFFICER KEVIN KLEIN WAS ON A "DO NOT CALL TO TESTIFY" LIST A *BRADY* VIOLATION, AND A MATERIAL FACT THAT SHOULD HAVE BEEN PRESENTED TO THE JURY?

(Appellant's Brief at 7).

As a prefatory matter, we must address the timeliness of Appellant's appeal. Pennsylvania Rule of Appellate Procedure 903 provides:

**Rule 903. Time for Appeal**

**(a) General rule.** Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken.

Pa.R.A.P. 903(a). "A direct appeal in a criminal proceeding lies from the judgment of sentence." *Commonwealth v. Patterson*, 940 A.2d 493, 497 (Pa.Super. 2007), *appeal denied*, 599 Pa. 691, 960 A.2d 838 (2008). If a defendant in a criminal case files a timely post-sentence motion, the notice of appeal shall be filed within 30 days of the entry of the order deciding the motion. Pa.R.Crim.P. 720(A)(2)(a). The denial of a timely post-sentence motion becomes the triggering event for filing a notice of appeal. Pa.R.Crim.P. 720(A)(2). Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. *Commonwealth v. Valentine*, 928 A.2d 346 (Pa.Super. 2007). This Court can raise the matter *sua sponte*, as the issue is one of jurisdiction to entertain the appeal. *Id.* This Court has no jurisdiction to entertain an untimely appeal. *Patterson, supra*. Generally, an appellate court may not enlarge the time for filing a notice of appeal. Pa.R.A.P. 105(b). Extension of the filing period is permitted only in extraordinary circumstances, such as fraud or some breakdown in the court's operation. *Commonwealth v. Braykovich*, 664 A.2d 133 (Pa.Super. 1995), *appeal denied*, 544 Pa. 622, 675 A.2d 1242 (1996). Such a breakdown

- 4 -

warrants extension of the appeal period or the grant of an appeal *nunc pro tunc*. **Id.**

Instantly, the trial court denied Appellant's post-sentence motion on June 16, 2017. Appellant's notice of appeal, therefore, was due on or before Monday, July 17, 2017. **See** Pa.R.Crim.P. 720(A)(2)(a). Trial counsel filed a motion to withdraw on July 11, 2017. The court did not rule on counsel's withdrawal motion until July 20, 2017, after expiration of the date for Appellant to file a timely notice of appeal. In its July 20th order, the court denied counsel's request to withdraw and conditioned counsel's withdrawal on counsel preserving Appellant's direct appeal rights. The trial court, however, did not acknowledge that any notice of appeal filed on or after July 20, 2017, would be untimely. The court also failed to enlarge the time to file a notice of appeal or direct counsel to file a notice of appeal by a specific date. Appellant subsequently filed a notice of appeal on July 27, 2017. The timing of the trial court's denial of counsel's withdrawal motion coupled with the court's vague instructions for counsel to preserve Appellant's direct appeal rights in the July 20th order constitute a breakdown in the operations of the court, warranting *nunc pro tunc* relief. Under these circumstances, we decline to dismiss the appeal as untimely and proceed to address the issues raised in Appellant's brief. **See Patterson, supra**; **Braykovich, supra**.

"[T]o preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of [Errors]

- 5 -

Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." ***Commonwealth v. Castillo,*** 585 Pa. 395, 403, 888 A.2d 775, 780 (2005). "If the judge entering the order giving rise to the notice of appeal…desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal." Pa.R.A.P. 1925(b). "The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the [Rule 1925(b)] Statement." Pa.R.A.P. 1925(b)(2). "In extraordinary circumstances, the judge may allow for the filing of [an] amended or supplemental Statement *nunc pro tunc*." ***Id.***

"[W]hile [Rule 1925(b)(2)] clearly envisions requests for extensions, it is not explicit as to the method by which an appellant must proceed. Its plain language requires an 'application' by the appellant within the initial 21-day period and some assertion…of good cause. But the…Rule provides little more." ***Commonwealth v. Gravely,*** 601 Pa. 68, 80, 970 A.2d 1137, 1144 (2009). Consequently, our Supreme Court determined "an appellant who seeks an extension of time to file a [Rule 1925(b)] Statement must do so by **filing a written** application with the trial court, setting out good cause for such extension, and requesting an order granting the extension." ***Id.*** at 82, 970 A.2d at 1145 (emphasis in original). Potentially, "The failure to file such an application within the 21-day time limit set forth in Rule 1925(b)(2) will result

in waiver of all issues not raised by that date." *Id.*

"Under *Brady*[ *v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)] and subsequent decisional law, a prosecutor has an obligation to disclose all exculpatory information material to the guilt or punishment of an accused, including evidence of an impeachment nature." *Commonwealth v. Roney*, 622 Pa. 1, 22, 79 A.3d 595, 607 (2013), *certiorari denied*, ___ U.S. ___, 135 S.Ct. 56, 190 L.Ed.2d 56 (2014). "To establish a *Brady* violation, an appellant must prove three elements: (1) the evidence at issue was favorable to the accused, either because it is exculpatory or because it impeaches; (2) the evidence was suppressed by the prosecution, either willfully or inadvertently; and (3) prejudice ensued." *Id.* When the Commonwealth fails to preserve "potentially useful" evidence, as opposed to materially exculpatory evidence, no due process violation occurs unless the defendant can prove the Commonwealth acted in bad faith. *Commonwealth v. Chamberlain*, 612 Pa. 107, 30 A.3d 381 (2011), *certiorari denied*, 566 U.S. 986, 132 S.Ct. 2377, 182 L.Ed.2d 1017 (2012). "Potentially useful evidence is that of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant." *Id.* at 143, 30 A.3d at 402 (internal quotations marks omitted).

The following principles apply to challenges to the sufficiency of the evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial

in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting

*Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Susan I. Schulman, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed April 5, 2018, at 6-12) (finding: **(5)** Appellant raised *Brady* claim in supplemental Rule 1925(b) statement, which she filed without leave of court four months after court ordered her to file concise statement; thus, Appellant's *Brady* issue is waived; even if Appellant properly preserved her *Brady* claim, she would not be entitled to relief; Officer Klein's alleged placement on "do not call" list in March 2018 has

no bearing on Appellant's trial, which occurred in August 2016; even if court discounted Officer Klein's testimony, two other witnesses testified to their observations of underlying incident, and Appellant's proclamation she had right to record Victim with her cell phone corroborated witnesses' testimony; **(1)** trial evidence established Appellant threatened to have Victim killed, when Appellant saw Victim outside courtroom where Victim was to testify against Appellant's mother; Appellant then used her cell phone to record Victim talking to assistant district attorney prosecuting Appellant's mother's case; Appellant also made specific threat to have Victim killed after Victim testified against Appellant's mother; record belies Appellant's claim that she merely called Victim names; further, surveillance evidence was not required to establish Appellant's culpability, because three eyewitnesses testified to their observations of Appellant's conduct; **(2)** record demonstrates Appellant used her cell phone to commit offense of intimidation of witness, which is felony; evidence was sufficient to sustain Appellant's conviction for criminal use of communication facility; **(4)** record reflects Appellant used her cell phone criminally, namely to threaten and intimidate Victim; evidence was sufficient to sustain Appellant's conviction for PIC; **(3)** evidence established Appellant threatened Victim with crime of violence when she said to Victim, "I'm going to have you killed, bitch"; under circumstances here, Appellant communicated threat to Victim with intent to terrorize Victim; evidence was sufficient to convict Appellant of terroristic threats). The record supports the trial court's

rationale.  Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/8/19