J-S10029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHARIFF L LAYTON | : | |
| | : | |
| Appellant | : | No. 914 MDA 2020 |

Appeal from the Order Entered June 10, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0007165-2015

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JULY 01, 2021**

Shariff L. Layton appeals from the order denying his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

A jury convicted Layton of robbery[1] in April of 2017, and the trial court sentenced him to an aggregate term of 25 to 50 years' incarceration on June 13, 2017. Layton filed a timely direct appeal, and this Court affirmed his judgment of sentence. **Commonwealth v. Layton**, No. 1116 MDA 2017 (Pa.Super. filed September 19, 2018) (unpublished memorandum). Layton filed the instant PCRA petition, his first, on June 24, 2019. The court appointed

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3701.

counsel, who filed a **Finley**[2] letter and motion to withdraw as counsel. The **Finley** letter stated that Layton raised no meritorious issues in his petition, and that counsel's independent review indicated that no issues of arguable merit existed. On May 19, 2020, the court issued notice of its intent to dismiss the petition without a hearing and granted counsel's request to withdraw. Layton filed a *pro se* response objecting to the dismissal shortly thereafter. Ultimately, the court dismissed Layton's petition on June 10, 2020 and Layton filed a timely notice of appeal and request for transcripts on July 8, 2020.

On July 13, 2020, the PCRA court ordered Layton to file a concise statement of errors complained of on appeal, pursuant to Rule 1925(b) of the Rules of Appellate Procedure. **See** Pa.R.A.P. 1925(b). Layton did not file a Rule 1925(b) Statement. Instead, he filed a motion requesting an extension of time to file a Rule 1925(b) Statement on August 20, 2020, which was already after the 21-day time limit provided by the Rule to file a timely Statement. In his motion, Layton claimed to have received both the court's order requiring a Rule 1925(b) statement and the transcripts he had ordered at the time he filed his notice of appeal, on August 13, 2020. Thus, he averred that he required additional time to prepare a Rule 1925(b) Statement. However, in an order dated June 10, 2020, the court concluded that Layton waived his issues by failing to file a Statement, or a request for an extension of time to file a Statement, within the 21 days allotted under Rule 1925(b).

---

[2] **Commonwealth v. Finley**, 550 A.2d 213, 215 (Pa.Super. 1988) (en banc).

When reviewing the denial or grant of relief under the PCRA, "[w]e must determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

Before addressing the merits of the issues Layton raises on appeal, we must address his failure to file a Rule 1925(b) Statement. According to Rule 1925(b), an appellant who is ordered to file a Statement must do so; any issues not raised in the Statement will be deemed waived. Pa.R.A.P. 1925(b)(4)(vii). The Rule applies with equal force with *pro se* appellants. **See Commonwealth v. Ray**, 134 A.3d 1109, 1114 (Pa.Super. 2016); **Commonwealth v. Postie**, 110 A.3d 1034, 1041 & n.8 (Pa.Super. 2015).

Rule 1925 also specifically provides that, "[u]pon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed." Pa.R.A.P. 1925(b)(2). However, our Supreme Court has held that all extension requests must be filed within the 21-day period set forth under Rule 1925(b). **See Commonwealth v. Gravely**, 970 A.2d 1137, 1145 (Pa. 2009) ("From this date forward, an appellant who seeks an extension of time to file a Statement must do so by filing a written application with the trial court, setting out good cause for such extension, and requesting an order granting the extension. The failure to file such an application within the 21-day time limit set forth in Rule 1925(b)(2) will result in waiver of all issues not raised by that date").

Here, Layton did not file a Statement and he did not file his request for an extension until after the 21-day period he had to file a timely Statement had expired. We are therefore constrained to find all issues waived. However, even if Layton had not waived these issues by failing to file a Rule 1925(b) Statement, we would nevertheless find his issues waived by his failure to raise them before the PCRA court. In his brief, Layton raises two issues: (1) the trial court erred by failing to dismiss the charges against him due to the Commonwealth's alleged excessive delay in filing the charges, and (2) the trial court erred by denying his motion to preclude certain evidence. Layton did not include either of these arguments in his PCRA petition, and he failed to raise them in response to the court's notice of its intention to dismiss. We cannot address these issues for the first time on appeal, and Layton's failure to raise them before the PCRA court results in their waiver. **See** Pa.R.A.P. 302(a). Accordingly, we affirm the trial court's order dismissing Layton's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/01/2021

- 4 -