J-S44006-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PURNELL RUDOLPH NELSON | : | |
| | : | |
| Appellant | : | No. 614 MDA 2022 |

Appeal from the PCRA Order Entered March 30, 2022
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001113-2012

BEFORE: PANELLA, P.J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED: MARCH 16, 2023**

Purnell Rudolph Nelson ("Nelson") brings this *pro se* appeal from the order denying his third petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Nelson was implicated in the December 15, 2011, shooting death of Travis Vogelsong. Pursuant to a negotiated plea agreement, on December 19, 2012, Nelson openly pled guilty to third degree murder - mentally ill. He was sentenced to serve a term of incarceration of fifteen to forty years on February 14, 2013.

Nelson filed a timely PCRA petition on September 16, 2013. Appointed counsel was permitted to withdraw, and the PCRA court denied relief on

_____

[*] Retired Senior Judge assigned to the Superior Court.

December 18, 2013. On January 17, 2017, Nelson filed, *pro se*, his second PCRA petition, and the PCRA court denied relief on March 21, 2017.

On September 1, 2021, Nelson filed the instant PCRA petition. The PCRA court dismissed the petition on March 30, 2022. This timely appeal followed.

On April 25, 2022, the PCRA court entered an order directing Nelson to file a Pa.R.A.P. 1925(b) statement within twenty-one days, *i.e.*, May 16, 2022. Nelson failed to comply. Rather, in a *pro se* letter to the Clerk of Courts dated May 18, 2022, and filed in the PCRA court on May 23, 2022, Nelson requested additional time to file his Rule 1925(b) statement. The PCRA court denied Nelson's request for an extension of time on June 8, 2022. The PCRA court received Nelson's untimely Rule 1925(b) statement on June 16, 2022. In his Rule 1925(b) statement, Nelson asserts his "[t]rial counsel was ineffective for failing to advise him of the right to file post-trial and sentencing motions and so his right to appeal should be reinstated *nunc pro tunc*." Rule 1925(b) Statement, 6/16, 22, at 1.

In his appellate brief, Nelson argues that the PCRA court erred and abused its discretion in failing to grant him an extension of time to file his Rule 1925(b) statement. **See** Appellant's Brief at 8-10. Nelson alleges that extraordinary circumstances prevented him meeting the filing deadline. Specifically, Nelson, who suffers a mental disability, claims that a Covid-19 outbreak in his prison unit kept him under quarantine and prevented him from requesting an extension of time until the restriction was lifted. **See id**.

Therefore, we are compelled to address the ramifications of Nelson's failure to file the court-ordered Rule 1925(b) statement in a timely manner.

Our standard of review for an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. ***See Commonwealth v. Phillips***, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***See id***.

A Rule 1925(b) statement "is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal." ***Commonwealth v. Bonnett***, 239 A.3d 1096, 1106 (Pa. Super. 2020). Rule 1925(b)(4)(vii) directs that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(vii). In ***Commonwealth v. Lord***, 719 A.2d 306 (Pa. 1998), our Supreme Court established the bright-line rule that "in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." ***Id***. at 309. ***See also Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011) (Pa.R.A.P. 1925 "obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered").

Regarding appeals under the PCRA, our Supreme Court has reiterated that "a litigant appealing from the denial of PCRA relief is required to strictly comply with the provisions of Rule 1925(b), or his or her appellate issues are deemed to be waived." **Commonwealth v. Parrish**, 224 A.3d 682, 700 (Pa. 2020) (citation omitted).

However, Rule 1925(b)(2) permits a party to seek an extension for filing a Rule 1925(b) statement "for good cause shown." Examples of good cause as provided in the note to Rule 1925(b)(2) include the retaining or appointing of new counsel, "a serious delay in the transcription of the notes of testimony or in the delivery of the order to appellate counsel." **Id**. The note to Rule 1925(b)(2) further explains that "*nunc pro tunc* relief is allowed when there has been a breakdown in the process constituting extraordinary circumstances. … Courts have also allowed *nunc pro tunc* relief when 'non-negligent circumstances, either as they relate to appellant or his counsel' occasion delay." Pa.R.A.P. 1925(b)(2), note.

Also, our Supreme Court clarified that "an appellant who seeks an extension of time to file a Statement must do so by filing a written application with the trial court, setting out good cause for such extension, and requesting an order granting the extension." **Commonwealth v. Gravely**, 970 A.2d 1137, 1143 (Pa. 2009). An appellant's failure to seek an extension as prescribed by Rule 1925(b) will result in waiver of the additional issues not timely raised.

In addition, we note that Nelson directs our attention to **Commonwealth v. Pruden**, 2256 EDA 2020, 268 A.3d 404 (Pa. Super. filed November 5, 2021), a non-precedential memorandum decision of this Court to support his request that the matter be remanded for a hearing to address whether he is entitled to *nunc pro tunc* acceptance of his Rule 1925(b) statement.[1] **See** Appellant's Brief at 9-11. In **Pruden**, the appellant had difficulty complying with the timing requirements of Rule 1925(b). Pruden alleged his noncompliance was caused by mailing delays that postponed timely receipt of the trial court's order and Covid-19 emergency restrictions at the courthouse. Pruden sent multiple letters to the trial court explaining his difficulty in timely filing his Rule 1925(b) statement and seeking an extension of time. However, the trial court did not address the concerns in Pruden's letters. Rather, the trial court entered an order that "denied and dismissed" the appeal.

In concluding that Pruden's request for relief should be considered by the trial court, we observed that "[the a]ppellant's Letter … offered further factual averments that [the a]ppellant's delay was neither intentional nor negligent." **Pruden**, 2256 EDA 2020, 268 A.3d 404, at *12. We further noted that "[w]hile [the a]ppellant's concise statement was untimely, his contentions

---

[1] Under amended Pa.R.A.P. 126, non-precedential decisions are not binding but may be cited as "persuasive" authority. **See** Pa.R.A.P. 126(b)(2) (stating that unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

within his letters …, if supported by evidence deemed credible by the trial court, may demonstrate extraordinary circumstances or a breakdown in the judicial process that warrant relief from waiver for untimeliness." ***Id***. Consequently, we remanded the matter to the trial court to conduct a hearing to address whether Pruden's untimely Rule 1925(b) statement warrants *nunc pro tunc* relief due to a breakdown in the judicial process or other extraordinary circumstances. ***See id***.

Instantly, our review of the record reflects that, on April 25, 2022, the PCRA court ordered Nelson to file a Rule 1925(b) statement. The deadline for filing the statement was May 16, 2022. Nelson sent a letter addressed to the Clerk of Court, which was dated May 18, 2022, two days beyond the filing deadline. In the letter that contained a "Re:" line stating: "Delay in Filing Concise Statement," Nelson attested the following:

> • my housing unit has been under [quarantine] for the last two weeks because of COVID-19. And
>
> • just now, today to be exact, I was able to make it down to the library for only 45 minutes.
>
> • This was not sufficient time for me to complete the concise statement.
>
> Please I am asking for more time to file my concise statement.

Letter, 5/18/22, at 1. The record further reflects that on June 8, 2022, the PCRA court denied, as untimely filed, Nelson's request for an extension of time. ***See*** Order 6/8/22, at 1.

As Nelson explains in his brief, he "attempted to remedy the [timeliness] problem as soon as the quarantine was lifted."[2] Appellant's Brief at 9. If the averments in Nelson's letter concerning the Covid-19 outbreak and multi-week quarantine are true, these are circumstances caused through no fault of his own. As was the case in *Pruden*, if proven, the circumstances raised by Nelson may warrant *nunc pro tunc* relief.

However, we need not follow *Pruden*'s lead, as we have Nelson's proposed 1925(b) statement, and we conclude that even if it had been timely filed, Nelson would be due no relief as he has not established his current, third PCRA petition was eligible for an exception to the PCRA's time-bar.

We must raise issues with the timeliness of a PCRA petition *sua sponte*:

> Because the time limitations established by the PCRA are jurisdictional in nature, a court lacks jurisdiction to address the claims raised in an untimely petition. The PCRA provides that a petition for relief must be filed within one year of the date final judgment is entered. A judgment becomes final for purposes of the PCRA at the conclusion of direct review or after the time provided for seeking direct review has lapsed, if no direct review has been taken.

*Commonwealth v. Liebensperger*, 904 A.2d 40, 45 (Pa. Super. 2006) (internal citations and quotation marks omitted).

---

[2] We note that in his brief Nelson has cited to two exhibits to support his claim that his housing unit was under quarantine and that he wrote additional letters explaining the circumstances and requesting an extension of time. *See* Appellant's Brief at 9. However, we have not been able to locate these items in the certified record.

Here, Nelson was sentenced on February 13, 2013, and his judgment of sentence became final on March 15, 2013. Therefore, the PCRA's one year time-bar expired on March 17, 2014.[3] This current petition, filed in 2021, is patently untimely, unless Nelson pleaded and proved that an exception to the time-bar applied.

In his petition, Nelson alleged that his mental illness prevented him from knowing earlier that trial counsel ineffective for failing to raise on appeal the trial court's failure to advise him of his right to file post-sentence motions. *See* PCRA Petition, 9/1/2021, at 3. He argued this constituted a previously unknown fact, therefore qualifying for an exception to the time-bar under 42 Pa.C.S.A. § 9545(b)(1)(ii). Nelson bore the burden of establishing his petition was subject to the previously unknown fact exception. *See Commonwealth v. Jones*, 54 A.3d 14, 17 (Pa. 2012).

Broad claims of mental illness generally do not qualify as a previously unknown fact under section 9545(b)(1)(ii). *See Commonwealth v. Ali*, 86 A.3d 173, (Pa. 2014). The one narrow exception to this general rule is if the petitioner can establish he was mentally incompetent during the time he was eligible to timely raise the claim under the PCRA. *See id.*, at 178.

---

[3] We note that a PCRA petition needed to be filed on or before Monday, March 17, 2014, because March 15, 2014, was a Saturday. *See* 1 Pa.C.S.A. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation).

Here, Nelson merely alleged that he is mentally ill. Since his claim is one of trial counsel ineffectiveness, he was required to plead and prove that he was mentally incompetent from March 15, 2013, to March 17, 2014. To the contrary, he has not pleaded that he was incompetent at that time, whether he was mentally ill at that time, or even what mental illness he claims to suffer. Further, Nelson was represented by counsel for the purpose of his first, timely PCRA petition in 2013. Even if we were to find that he was incompetent at that time, he would be required to establish PCRA counsel was ineffective for failing to raise this claim at that time. As a result, his third PCRA petition did not qualify for an exception to the time-bar. The PCRA court therefore did not have jurisdiction to entertain his untimely third petition, and properly denied relief.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/16/2023